Gary Michael PERDUE, Petitioner,

v.

William R. SAIED, District Judge of the District Court of Oklahoma County, State of Oklahoma, Respondent.

No. 50972.

Supreme Court of Oklahoma.

July 12, 1977.

Turner, Turner & Green by Robert H. Burnham, Oklahoma City, for petitioner.

Lewis Barber, Jr., Oklahoma City, for respondent.

BARNES, Justice.

This is an action to assume original jurisdiction and for a Writ of Prohibition. Counsel for Petitioner requested that this Court assume jurisdiction and write an opinion interpreting 12 O.S.1971, § 1701.03, because this is a case of first impression and it is important to litigants and members of the Bar to know if service under these facts obtains jurisdiction over the parties.

The facts are simple. In 1967, Gary Michael Perdue, Petitioner, was stationed in Germany as a member of the United States Air Force. There he married a German National named Sieglinde, and eventually returned to the United States. The seven-year marriage was dissolved by divorce in Pima County, Arizona, May 15, 1974. Subsequent to the divorce, Sieglinde and the

minor child of the parties moved to Oklahoma City, Oklahoma.

Apparently Petitioner, Gary Perdue, has had no previous contacts with the State of Oklahoma. Subsequent to the divorce, the husband continued his career in the United States Air Force and has never been in the State of Oklahoma.

On October 20, 1976, Sieglinde Perdue filed an action in the District Court of Oklahoma County, asking that the child support provisions of the Arizona divorce decree be increased from $100.00 per month to $200.00 per month. Petitioner, Gary Perdue, was served by registered mail in the State of Arizona while he was home on leave from Germany. After service was made, Sergeant Perdue returned to his duty station in Germany. There is no controversy about the delay that might be incurred in waiting for Petitioner to return from Germany for trial.

On November 22, 1976, a special appearance was filed wherein Petitioner, Gary Perdue, objected to the jurisdiction of the District Court. Briefs were filed and the Respondent, Judge William R. Saied, District Judge of the District Court of Oklahoma County, Oklahoma, overruled said special appearance on February 18, 1977.

The question presented is whether a Staff Sergeant in the Air Force, stationed in Germany, is subject to the jurisdiction of the District Court of Oklahoma County when served under the Oklahoma long-arm statute in the State of Arizona, when he has had no contacts with the State of Oklahoma other than the fact that his daughter and former wife are now living in Oklahoma?

This matter was heard before this Court on May 24, 1977. Both parties were represented by counsel.

Petitioner contends the Oklahoma County District Court does not have authority to exercise jurisdiction over him for the reason that 12 O.S. 1971, § 1701.03, does not apply and because the "minimum contacts" criteria as established by Oklahoma law have not been met. Petitioner relies on *Dunn v.*

*Dunn,* 550 P.2d 1369 (Okl.App. 1976), as being close on point to the case at bar. In *Dunn, supra, the plaintiff wife filed for divorce in Pontotoc County, Oklahoma, and summons was served on the nonresident husband in Arizona. The wife obtained the divorce by default and the husband then filed a motion to vacate that portion of the judgment against him for alimony, attorney fee, and court costs. After citing such cases as* Hines v. Clendenning, *465 P.2d 460 (Okl. 1970), and* International Shoe Co. v. Washington, *326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057 (1945), which discuss the due process limitations in an action against a nonresident defendant to be met before subjecting him to in personam jurisdiction, the Court said:*

"The evidence in the instant case shows conclusively that the defendant husband never lived in Oklahoma at any time in any relationship, nor did he transact any business in Oklahoma either personally or by an agent. Also, since defendant is not legally obligated to support his wife's minor children by a former marriage, subsection (7) of 12 O.S. 1971, § 1701.03 is of no help."

The *Dunn* court concluded the minimum contacts test was not satisfied and that the defendant had not maintained any relationship that would confer jurisdiction upon the Oklahoma court. We think that case is clearly distinguishable and inapplicable to the case at bar for the reason that that case involved support of the wife's minor children by a former marriage. In the instant case, we are dealing with child support for the Petitioner's natural child.

We believe that the Oklahoma long-arm statute, 12 O.S. 1971, § 1701.03(a)(7), is applicable to this case. It provides in part as follows:

"(a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action or claim for relief arising from the person's:

\*　　\*　　\*　　\*　　\*　　\*

"(7) *maintaining any other relation to this state or to persons or property including support for minor children who*

*are residents of this state* which affords a basis for the exercise of personal jurisdiction by this state consistently with the Constitution of the United States." (Emphasis ours)

There is ample reason for the Legislature making this a specific instance in which the Oklahoma courts have jurisdiction. In the event the father does not provide for his child, and the mother is unable to do so, then it would be a burden on the State of Oklahoma to furnish the necessary support.

Therefore, we assume jurisdiction and deny Petitioner's Application for a Writ of Prohibition.

HODGES, C. J., LAVENDER, V. C. J., and DAVISON, WILLIAMS, BERRY and SIMMS, JJ., concur.

DOOLIN, J., dissents.