570 N.E.2d 1184 (1991)
212 Ill. App.3d 251
156 Ill.Dec. 462
In re B.D. et al. (The People of the State of Illinois, Petitioner-Appellee,
v.
Lawrence Dunbar et al., Respondents-Appellants).
No. 2-90-0925.
Appellate Court of Illinois, Second District.
April 12, 1991.
Rehearing Denied May 20, 1991.
*1185 David J. Brown, Michael Rabbit, Asst. Public Defender, Trial Counsel, Michael W. Raridon (on brief), Rockford, for Victoria Annas and Lawrence Dunbar.
Paul A. Logli, Winnebago County State's Atty., Rockford, William L. Browers, Deputy Director, and Lawrence M. Bauer, State's Attorneys Appellate Prosecutor, Elgin, for the People.
Terry L. Deck, Berry Berry Mindrup, Rockford, Guardian Ad Litem, for Sherry Minor and Brandon Dunbar.
Justice WOODWARD delivered the opinion of the court:
The respondents, Lawrence W. Dunbar (the father) and Victoria Annas (the mother), appeal a decision of the circuit court finding them unfit parents, terminating their parental rights in their son, B.D., and daughter, S.D., and giving the Department of Children and Family Services (DCFS) power to consent to the minors' adoption. We dismiss the appeal for lack of jurisdiction.
On August 30, 1988, the State petitioned to have B.D. and S.D. declared abused minors, alleging that both parents had sexually abused the children. On December 13, 1988, the circuit court entered orders finding that B.D. was an abused minor and S.D. a neglected minor and that the respondents had inflicted the abuse and neglect.
On January 19, 1989, the circuit court adjudicated both minors wards of the court and ordered them removed from the respondents' custody, subject to certain visitation rights for the respondents.
On April 16, 1990, the State brought petitions to terminate the respondents' parental rights as to both minors and to appoint DCFS the minors' legal guardian with power to consent to adoption. The petitions alleged that the respondents were unfit parents because each had (a) failed to maintain a reasonable degree of responsibility for each child's welfare; (b) failed to protect the children from conditions within their environment which were injurious to their welfare; (c) neglected or used misconduct toward each child; and (d) failed to make reasonable efforts to correct the conditions which were the basis for the removal of each child from them or to make reasonable progress toward the return of either child within 12 months after the adjudication of neglect.
The trial court heard testimony on the allegations of unfitness on June 26, 1990, and July 30, 1990. At a hearing held August 7, 1990, the trial judge announced orally that he was going to find that the State had proved by clear and convincing evidence that the respondents were unfit as *1186 alleged because their failure to acknowledge that they had sexually abused their children meant that they had failed to make reasonable efforts to correct the conditions which were the basis for the removal of the children and that they had failed to make reasonable progress toward the return of their children. The court then proceeded immediately to the disposition phase of the adjudication. The court heard testimony from a DCFS caseworker who recommended adoptive placement for both minors. After hearing closing argument from all sides, the trial judge announced that he would declare that it was in the best interests of the minors that they be declared wards of the court again, that the parents' rights be terminated, and that the DCFS be appointed the minors' legal guardian with power to consent to their adoption. The trial judge then asked the assistant State's Attorney, "Anything else I need to include in the Order?" The assistant State's Attorney replied, "No," and the trial judge stated "Okay. I'llPlease draft an Order to that effect and I'll sign it." He then indicated to the respondents that they had a right to appeal the decision and that if they wished to do so, they had 30 days in which to file a notice of appeal.
On August 21, 1990, before the entry of any written order, the respondents filed their identical notices of appeal. The notices specified that the respondents were appealing from the order terminating parental rights and granting power to consent to adoption "heretofore entered in this cause on or about August 7, 1990, as the result of a hearing held on August 7, 1990." The respondents have filed no other notice of appeal in this case. On September 4, 1990, the trial court granted the respondents' motion for a free transcript and court-appointed counsel on appeal.
On September 12, 1990, the trial judge signed written judgment orders as to each minor. Each order was prepared and signed by the assistant State's Attorney and also signed by the attorney for the respondents and the attorney for the minors' guardian ad litem. The orders recited that the court found the respondents unfit as to each minor and ordered the respondents' parental rights irrevocably terminated. The order regarding S.D. was filed on September 12, 1990, and the order regarding B.D. was filed September 13, 1990.
We hold that this appeal must be dismissed because the notices of appeal were filed prematurely and did not confer jurisdiction on this court. Although the parties have not raised the issue of jurisdiction, it is our responsibility to consider the matter sua sponte and to dismiss the appeal if we find that we lack jurisdiction. (Archer Daniels Midland Co. v. Barth (1984), 103 Ill.2d 536, 539, 83 Ill.Dec. 332, 470 N.E.2d 290; Illinois State Toll Highway Authority v. Gary-Wheaton Bank (1990), 203 Ill.App.3d 672, 674, 149 Ill.Dec. 99, 561 N.E.2d 377.) The respondents' jurisdictional statement indicates that they are bringing this appeal pursuant to Illinois Supreme Court Rule 301 (134 Ill.2d R. 301), which allows appeals from final orders of the circuit court. However, the respondents' notices of appeal were filed before entry of the written judgments, although after the trial, judge's oral announcement that he would enter judgment against the respondents. In announcing that he would enter such a judgment, the trial judge specifically requested that the prevailing party draft an order for the judge to sign.
Supreme Court Rule 272 as in effect at the time of this proceeding (134 Ill.2d R. 272) provided that "[i]f at the time of announcing final judgment the judge requires the submission of a form of written judgment to be signed by him, the clerk shall make a notation to that effect and the judgment becomes final only when the signed judgment is filed." The plain language of Rule 272 indicates that the judgments did not become final here until September 12 and September 13, 1990.
Before entry of the formal written judgment, the trial court's decision could not be appealed from, attacked by motion, or enforced. (Ferguson v. Riverside Medical Center (1985), 111 Ill.2d 436, 441, 96 Ill.Dec. 47, 490 N.E.2d 1252; Stoermer v. Edgar (1984), 104 Ill.2d 287, 293, 84 Ill.Dec. *1187 440, 472 N.E.2d 400; Archer Daniels Midland Co. v. Barth (1984), 103 Ill.2d 536, 538-39, 83 Ill.Dec. 332, , 470 N.E.2d 290.) The notices of appeal from the August 7 "orders" were therefore premature and did not confer jurisdiction on this court. (Stoermer, 104 Ill.2d at 293, 84 Ill.Dec. 440, 472 N.E.2d 400; In re Marriage of Roberts (1980), 84 Ill.App.3d 538, 40 Ill.Dec. 300, 406 N.E.2d 1; Texaco, Inc. v. Barnes (1978), 60 Ill.App.3d 696, 18 Ill. Dec. 34, 377 N.E.2d 187; Hale v. Ault (1974), 24 Ill.App.3d 10, 321 N.E.2d 151.) As no amended or late notices of appeal (134 Ill.2d Rules 303(c)(4),(e)) have been filed in this matter, we lack jurisdiction and therefore have no authority to reach the merits of this appeal.
We therefore dismiss the appeal.
Appeal dismissed.
BOWMAN and NICKELS, JJ., concur.