The PEORIA CORPORATION, Appellee,

v.

Jacque LEMAY, Appellant.

No. 82866.

Supreme Court of Oklahoma.

Sept. 27, 1994.

C. Jack Maner, Tulsa, for appellee.

Jacque Lemay, pro se.

SUMMERS, Justice.

The Peoria Corporation brought a small claims action against Jacque Lemay. A default judgment against Lemay was rendered on September 21, 1993, and a Journal Entry of Judgment was filed the same day. On November 18, 1993 Lemay filed a petition to vacate the judgment, claiming improper service of process and lack of notice. The appearance docket states that the petition to vacate was overruled on December 10, 1993. Lemay filed in this Court a petition in error on Monday, January 10, 1994. Peoria Corporation moved to dismiss. The appeal must be dismissed, not because it came too late, but because it is premature.

 First, we observe that the appeal is untimely to challenge the default judgment, since no petition in error was filed here within thirty days after the judgment was filed in District Court. 12 O.S.1991 § 990A. The petition to vacate, filed more than ten days after the date of judgment, did not delay the running of time to appeal the judgment. Rules of Civil Appellate Procedure,

Rule 1.12(c)(2). The appeal is thus limited to the District Court's adjudication of the petition to vacate the judgment. *Yery v. Yery,* 629 P.2d 357 (Okla.1981); 12 O.S.1991 § 952(b)(2). The issue today is whether the petition in error filed January 10th is a timely attack of the trial court's December 10th adjudication overruling the petition to vacate.

■ Beginning October 1, 1993 the time to appeal does not begin to run until an appealable order or judgment conforming to 12 O.S.Supp.1993 § 696.3 is filed with the Clerk of the District Court. 12 O.S.Supp.1993 § 696.2. Section 696.3 requires the appealable order or judgment to have a caption including the name of the court, the names and designation of the parties, the file number of the case, the title of the instrument, and a disposition of the action, as well as the signature and title of the court.

■ No written memorial of the trial court's adjudication of the petition to vacate appears in the appellate record. Only a copy of the Clerk's appearance docket has been submitted to show that the petition was overruled. The appearance docket may not be accepted as a substitute for the judge's memorialized entry of judgment. *Hulsey v. Mid–America Preferred Insurance Co.,* 777 P.2d 932, 935 n. 5 (Okla.1989). Neither does the appearance docket satisfy the requirements of 12 O.S.Supp.1993 § 696.3.

The appearance docket "may serve in an appellate tribunal as an authoritative source for identifying the instruments the court clerk has filed in the case or for establishing any other matter which by law is required to be spread on that docket." *Hulsey v. Mid–America Preferred Insurance Co., supra* at 935 n. 5. The appearance docket here does demonstrate that no memorialization of the trial court's adjudication on the petition to vacate had been filed in the case as of the date the appearance docket was copied for our benefit.

Defendant/Appellant was directed by this Court on January 13, 1994 to file by a date certain a supplemental petition in error, and to attach thereto *the order appealed from, signed by the district judge and filed in compliance with 12 O.S.1993 § 696.2.* He was told that failure to comply could result in the appeal being dismissed. There has been no compliance with our order of January 13th.

■ An adjudication on a petition to vacate is appealable. 12 O.S.1991 § 952(b)(2). But a memorialization of that ruling satisfying the requirements of 12 O.S.Supp.1993 § 696.3 is required by § 696.2. Section 696.2 states that a judgment, decree or appealable order "shall be reduced to writing" in conformity with § 696.3. *See* 12 O.S.Supp.1993 § 696.2(A). The absence of a signed and filed journal entry or order satisfying § 696.3 on the adjudication of the petition to vacate means, as far as we can tell on the record before us, that the time to appeal from that adjudication has not yet commenced. 12 O.S.Supp.1993 §§ 696.2(C), 990A(A). This appeal is dismissed as premature.

HODGES, C.J., LAVENDER, V.C.J., and HARGRAVE, ALMA WILSON, KAUGER and WATT, JJ., concur.

OPALA, J., concurs in result.

SIMMS, J., dissents.

I would require appellant to furnish a judge-signed and filed Journal Entry of Judgment within twenty days or suffer dismissal.

OPALA, Justice, concurring in result.

The court *correctly* concludes today that this appeal, lodged here on *January 10, 1994,* is *too late* for review of the nisi prius judgment, whose written memorial was entered below *September 21, 1993,* and *too early* for corrective relief from the trial court's *still-unmemorialized* December 10, 1993 denial of appellant's postjudgment petition to vacate (judgment).

Unlike the court, I would dismiss this appeal *as abandoned* by appellant's *failure to*

*comply* with this court's *January 19, 1994* order. There, we *directed* her to cure the fatal infirmity by securing a journal entry of the postjudgment ruling to be reviewed and depositing it in this court as an attachment to her "supplemental" petition in error within 30 days of the date the critical memorial of the postjudgment ruling is filed below, but *in no event* "later than February 16, 1994."

Because this uncounseled appellant *ignored* the court's direction, her appeal should be dismissed. *Blessing v. Purdum,* 205 Okl. 379, 238 P.2d 313, 314 (1951); *Smith v. Smith,* Okl., 463 P.2d 971, 972 (1969). Lawyerless litigants are held to the same standards of skills competence as those which apply to licensed legal practitioners. *Funnell v. Jones,* Okl., 737 P.2d 105, 107 (1987).