The PEORIA CORPORATION, Appellee,

v.

Jacque LEMAY, Appellant.

No. 82866.

Supreme Court of Oklahoma.

May 9, 1995.

## ORDER

ALMA WILSON, Chief Justice.

This appeal was dismissed as premature on September 27, 1994, 895 P.2d 1340. On October 17, 1994, Lemay filed an amended petition in error with an instrument attached purporting to be the order denying a motion to vacate a judgment. Appellee responded and moved to dismiss the appeal because the order on the motion to vacate had not been filed in the District Court.

 The instrument attached to Lemay's amended petition in error is an order denying a motion to vacate. This order does not appear in the record certified to us by the Clerk of the District Court. The trial court record shows no appealable order on the motion to vacate conforming to 12 O.S.Supp.1993 § 696.3. We also note that Lemay's petition in error of November 10, 1994 was not accompanied with the required fee. 20 O.S.Supp.1993 § 15. After an ap-

peal is dismissed as premature a new appeal may be filed when accompanied by the required filing fee. 12 O.S.Supp.1993 § 990A(F); *Matter of K.L.F.*, 878 P.2d 1067 (Okla.1994). This appeal is dismissed as premature. 12 O.S.Supp.1993 § 990A(F).

KAUGER, V.C.J., and HODGES, LAVENDER, HARGRAVE, SUMMERS and WATT, JJ., concur.

SIMMS, J., concurs specially.

OPALA, J., concurs and files opinion.

OPALA, Justice, concurring.

The court today dismisses Jacque Lemay's [Lemay] *renewed* (second) appeal as *premature*. It correctly reasons that, because the exhibit attached to her amended petition in error—an *unfiled* December 10, 1993 order denying her postjudgment vacation quest—does not appear of record below, the court is without reviewing cognizance of this case. I write separately to *explain* that Lemay's effort to secure corrective relief is prosecuted from a *non-appealable* nisi prius ruling—one that, though in writing, is not *on file*[1] below.

The September 21, 1993 *default judgment* in this cause is now clearly beyond this court's reviewing cognizance.[2] The later order (of December 10, 1993) denying vacation stands in no better stead. A *memorialized entry* that is *of record* (or on file) is a *sine qua non* of appellate review.[3] Our reviewing cognizance over the December 10, 1993 denial clearly was invoked *in advance of* the *requisite* appealable event. When that event *does* take place —i.e., the judge-signed memorial is *filed* in the court clerk's office— appeal time will be triggered.

Although dismissed for that reason, Lemay's review quest is *not just "premature"*.[4] In common usage, that is premature which comes into being or arrives too soon.[5] Nearly every dismissible appeal found fraught with a fatal jurisdictional defect is either too early or too late. The label of "prematurity" is far from helpful; it can be quite misleading. It strongly suggests that the affected appeal *will* ripen someday—a notion that in its practical application is not always true. To put my objection in clearer, more intelligible terms, "premature" is an overbroad description whose use should be discouraged unless, of course, it is followed by a *meaningful, concrete* explanation that makes the word pertinent to the case at hand.

*This* appeal fails *not so much because it came here too early* but *mainly* because it lacks the mandatory anchor in a statutorily defined appealable event. Lemay's review quest must hence *await that event,* which, on its occurrence, will set in motion the 30-day

---

**1.** The terms of 12 O.S.1991 § 990A(A) provide in pertinent part:

"An appeal to the Oklahoma Supreme Court, if taken, must be commenced by filing a petition in error ... within thirty (30) days from the date a judgment, decree or appealable order ... is *filed with the clerk of the trial court.*" (Emphasis added.)

**2.** The terms of Rule 1.11(a), Rules of Appellate Procedure in Civil Cases, 12 O.S.1991 Ch. 15, App. 2, provide in pertinent part:

"An appeal from a district court may be commenced only by filing a petition in error *within thirty (30) days of the date of judgment ....*" (Emphasis added.)

**3.** *See* the terms of 12 O.S.1991 § 990A(A), *supra* note 1.

**4.** *See In re B.D.*, 212 Ill.App.3d 251, 156 Ill.Dec. 462, 464, 570 N.E.2d 1184, 1186 (1991), where

an appeal was deemed *premature* because it was brought *in advance* of the trial court's *written* judgment, and *Smith v. Matthews*, 203 N.C. 218, 165 S.E. 350 (1932), where the term "premature appeal" was *circumscribed* to mean "... one which is taken *before final judgment*, or upon an order affecting a substantial right which could be protected by an appeal from a final judgment." (Emphasis added.) 165 S.E. at 350. *Cf.* the terms of FED.R.APP.P. 4(a)4, which provide in pertinent part:

"A notice of appeal filed *before the disposition* of [a post-judgment motion] shall have no effect." (Emphasis added.)

*See also Shields v. Consolidated Rail Corp.*, 810 F.2d 397, 399 (3rd Cir.1987).

**5.** *See in this connection* WEBSTER'S NEW INTERNATIONAL DICTIONARY OF THE ENGLISH LANGUAGE 1950 (2d ed. 1961).

time limit for the commencement of a proceeding for corrective relief.

SIMMS, Justice, concurring specially:

We are confronted here with a pro se, lay litigant who apparently doesn't understand that under the provision of 12 O.S.1991, § 990A(A), the event which triggers the time to appeal is the *filing* of the appealable order signed by the Judge with the Clerk of the District Court. This is why the appeal appears to be premature. Neither can an amended petition in error be filed in an appeal which has been previously dismissed.