TEXACO, INC., Plaintiff-Appellee, *v.* HECTOR BARNES, Defendant-Appellant.

First District (4th Division)    No. 77-91

Opinion filed May 18, 1978.—Rehearing denied June 15, 1978.

Howard T. Savage, of Chicago, for appellant.

Gary L. Fairchild and Harold C. Wheeler, both of Chicago, for appellee.

Mr. JUSTICE LINN delivered the opinion of the court:

This is an appeal from the decision of the circuit court of Cook County in a forcible entry and detainer suit determining that plaintiff, Texaco, Inc., was entitled to recover possession of commercial property from defendant, Hector F. Barnes. The primary question raised by the record on appeal is whether the filing of defendant's notice of appeal is sufficient to confer jurisdiction on this court.

The facts pertinent to this issue follow. On March 24, 1971, plaintiff and defendant entered into a year-to-year lease agreement for commercial premises. On November 6, 1975, plaintiff notified defendant by mail that it was terminating the lease effective March 31, 1976. On April 12, 1976, after defendant had refused to vacate the premises, plaintiff filed a suit pursuant to the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1975, ch. 57, pars. 1 through 22), to regain possession of the premises.

Defendant filed an answer and jury demand and, subsequently, filed a counterclaim seeking certain monies allegedly collected by plaintiff and punitive damages for alleged injury to his business reputation. After plaintiff moved to strike defendant's jury demand and counterclaim, defendant filed an amended answer to the complaint and a response to plaintiff's motion to strike.

A hearing was held on November 4, 1976, at which time the trial court announced its decision, directing that defendant's jury demand and counterclaim be stricken and awarding possession of the premises to plaintiff. Defendant filed his notice of appeal from this oral decision of the court on November 9, 1976.

As amended and corrected by three supplemental volumes, the record

indicates that at the November 4 hearing, the trial judge asked each side to submit a draft written judgment order. A draft judgment order, consisting of four pages of findings and conclusions and a one-page final order, was submitted to the trial court by plaintiff on November 12, 1976. The one-page, uncaptioned, final order was mistakenly separated from the first four pages of findings and conclusions and erroneously bears the typed date November 4, 1976. Counsel for defendant submitted a draft judgment order by letter dated November 15, 1976, which was received by the trial court on November 17, 1976.

Sometime after receiving the draft judgment orders submitted by counsel, the trial judge signed plaintiff's erroneously dated draft judgment order. This final judgment order was made available to the attorneys on November 23, 1976, in the trial judge's chambers.

By motion in the trial court, plaintiff sought to correct the record to reflect that the judgment order had been entered on November 18, 1976, and to indicate that the final judgment order consisted of five pages rather than one. A transcript of the hearing on that motion, including the remarks of the trial judge and his order correcting the record pursuant to Supreme Court Rule 329 (Ill. Rev. Stat. 1977, ch. 110A, par. 329), have been included in the record on appeal.

In this court plaintiff filed a motion to dismiss the appeal contending that the defendant's notice of appeal was filed prior to the entry of a final judgment order in the trial court and was insufficient to confer jurisdiction on this court. We directed that plaintiff's motion to dismiss would be taken with the case.

OPINION

A reviewing court must decline to proceed in a case over which it has no jurisdiction. (*In re Kerwood* (1976), 44 Ill. App. 3d 1040, 359 N.E.2d 183; *Norris v. Board of Fire & Police Commissioners* (1975), 30 Ill. App. 3d 224, 332 N.E.2d 553.) The jurisdiction of the appellate court is dependent upon the timely filing of the notice of appeal after the entry of a final judgment. Ill. Rev. Stat. 1975, ch. 110A, pars. 301 and 303(a); *Grissom v. Buckley-Loda Community Unit School District No. 8* (1973), 11 Ill. App. 3d 55, 296 N.E.2d 624; *Hale v. Ault* (1974), 24 Ill. App. 3d 10, 321 N.E.2d 151.

■■ Supreme Court Rule 272 (Ill. Rev. Stat. 1975, ch. 110A, par. 272), provides in pertinent part:

> "If at the time of announcing final judgment the judge requires the submission of a form of written judgment to be signed by him, the clerk shall make a notation to that effect and the judgment becomes final only when the signed judgment is filed."

Illinois courts construing Rule 272 have consistently held that if a notice of appeal is filed after the circuit court has announced its decision but before a written order is signed, the notice of appeal is not effective and the appellate court has no jurisdiction. See *Hale v. Ault* (1974), 24 Ill. App. 3d 10, 321 N.E.2d 151; *Grissom v. Buckley-Loda Community Unit School District No. 8* (1973), 11 Ill. App. 3d 55, 296 N.E.2d 624; *Davidson Masonry & Restoration, Inc. v. J. L. Wroan & Sons, Inc.* (1971), 2 Ill. App. 3d 524, 275 N.E.2d 654.

■■ From the statements of the trial judge, the letters and the draft written judgment orders contained in the record, it is evident that the trial judge requested that a written judgment order be prepared following the November 4 hearing at which he announced his decision. Counsel for both sides did in fact prepare and submit to the court respective draft written judgment orders; the latest in time was received by the trial judge on November 17, 1976. The final form of the written judgment order was subsequently signed by the trial judge not earlier than November 18, 1976, and was made available to counsel for both parties in chambers on November 23, 1976. Therefore, the judgment order did not become final and appealable until the written judgment order was signed by the trial judge more than one week after defendant filed his notice of appeal on November 9, 1976. (See *Grissom v. Buckley-Loda Community Unit School District No. 8* (1973), 11 Ill. App. 3d 55, 296 N.E.2d 624.) We note that no attempt has been made to amend the notice of appeal. Under these circumstances we must conclude that this court lacks jurisdiction to hear this appeal.

However, defendant objects to our consideration of the supplemental records containing the corrections made by the trial court and asks us to ignore plaintiff's jurisdictional arguments made in reliance on these corrections. At the outset we note that the supplemental record containing the plaintiff's motion to correct the record, the objections to that motion filed by defendant and the transcript of the hearing before the trial judge on the motion, was filed in this court upon the motion of defendant. These materials, in addition to those contained in the supplemental record filed by plaintiff, lend support to plaintiff's contention that the final judgment order, as originally entered, contained two material errors.

■■ Defendant argues that the record in the trial court did not support the correction later made upon the motion of the plaintiff. Supreme Court Rule 329 states in part:

> "Material omissions or inaccuracies or improper authentication may be corrected by stipulation of the parties or by the trial court, either before or after the record is transmitted to the reviewing court, or by the reviewing court. Any controversy as to whether the

record accurately discloses what occurred in the trial court shall be submitted to and settled by that court and the record made to conform to the truth." (Ill. Rev. Stat. 1975, ch. 110A, par. 329.)

Rule 329 was discussed by the supreme court in *Hartgraves v. Don Cartage Co.* (1976), 63 Ill. 2d 425, 348 N.E.2d 457. Although the court found that the attempt to correct the record in that case found no support in the record, it pronounced the following general statement of the rule regarding correction and amendment of a record:

"Generally, 'an amendment of the record cannot be made by oral testimony, or from the recollection of the trial judge himself, but must be proved by the production of some note or memorandum from the record or *quasi* records of the court, or by the judge's minutes, or by the papers on file in the cause.' (*Pinkstaff v. Pennsylvania R.R. Co.* (1960), 20 Ill. 2d 193, 202, citing *People v. Miller* (1936), 365 Ill. 56, 58.) '[A]n amendment of a record cannot be made either from the memory of a witness, from the recollection of the judge himself, or by affidavit, but the record must show the basis upon which the amendment or correction is made.' *People v. Townsend* (1972), 5 Ill. App. 3d 924, 926, citing *People v. Okulczyk* (1951), 410 Ill. 115, and *People v. Miller* (1936), 365 Ill. 56. See *In re Application of County Collector* (1974), 18 Ill. App. 3d 272." 63 Ill. 2d 425, 428, 348 N.E.2d 457, 458. See *People v. Feather* (1976), 42 Ill. App. 3d 974, 356 N.E.2d 885.

Applying the reasoning of *Hartgraves* to the facts here, we believe that the correction made by the trial judge was fully supported by the following facts contained in the record. The half-sheet contains a notation "Order as per Draft Order," indicating that a draft order was requested in this case. The document which originally appears in the record without correction is dated November 4, 1976, consists of only one page entitled "final order", and is numbered page "5." It bears no caption or docket number and is clearly incomplete. The record, before amendment or correction, contains a draft written judgment order submitted by plaintiff's counsel, and a draft judgment order and attached cover letter filed by defendant's attorney on November 17, 1976. This accompanying letter refers to defendant's receipt of plaintiff's proposed judgment order. It must be assumed that the trial judge would not have entered a final judgment order until he had received the proposed drafts from both parties on November 17, 1976. A logical reconstruction of the events from the evidence contained in the record supports the correction of the date on which the final judgment order was entered to November 18, 1976, and the integration of the one-page final order with the preceding four pages of findings and conclusions.

■■ Based on the record as corrected and amended, we conclude that

this court lacks jurisdiction to entertain this appeal. In consequence of our conclusion that the appeal must be dismissed, we find ourselves without authority to rule on any pending motions. These motions now must fall on jurisdictional grounds.

Appeal dismissed.

DIERINGER and ROMITI, JJ., concur.