JAY STOERMER, Plaintiff-Appellee, *v.* JIM EDGAR, Secretary of State, Defendant-Appellant.

Fourth District No. 4—83—0381

Opinion filed November 21, 1983.

Neil F. Hartigan, Attorney General, of Springfield (Kathleen M. Lien, Assistant Attorney General, of counsel), for appellant.

Jonathan H. Barnard, of Schmiedeskamp, Robertson, Neu & Mitchell, of Quincy, for appellee.

JUSTICE MILLER delivered the opinion of the court:

This is an appeal from a judgment of the circuit court reversing the denial of plaintiff's application for renewal of his restricted driving permit or, in the alternative, for restoration of full driving privileges.

Plaintiff filed a complaint in the trial court seeking review of the Secretary of State's decision denying driving privilege on December 23, 1982. A hearing was held on May 4, 1983, and the trial court entered the following handwritten order:

"Cause comes on for hearing on complaint. Argument heard,

the court reverses the decision of the Secretary of State, and the defendant is hereby ordered to issue to the plaintiff full driving privileges upon meeting usual requirements, with Plaintiff's Restricted permit to continue in effect pending issuance of full privileges. Cause set for hearing on Defendant's motion for stay, if any, on May 27, 1983 at 2:00 P.M. FORMAL ORDER TO FOLLOW."

The clerk made a docket entry the same day noting the order of the court and that a formal order would follow.

Defendant filed a notice of appeal on May 26, 1983. On May 27, 1983, the trial court entered a formal written order reversing the Secretary and ordering reinstatement of full driving privileges to plaintiff.

■ The question of our jurisdiction to hear this appeal was not raised by plaintiff. However, this court has an obligation to consider its jurisdiction regardless of whether the issue is raised by the parties. *Rothert v. Rothert* (1982), 109 Ill. App. 3d 911, 441 N.E.2d 179.

Supreme Court Rule 272 (87 Ill. 2d R. 272) provides:

"If at the time of announcing final judgment the judge requires the submission of a form of written judgment to be signed by him, the clerk shall make a notation to that effect and the judgment becomes final only when the signed judgment is filed. If no such signed written judgment is to be filed, the judge or clerk shall forthwith make a notation of judgment and enter the judgment of record promptly, and the judgment is entered at the time it is entered of record."

■■ ■ The trial court's handwritten memorandum indicated that a formal order would be entered at a later time. A memorandum signed by the court cannot be deemed to be the judgment of record; it is but a direction to enter judgment or an indication of what the judgment will be. (*Davidson Masonry & Restoration, Inc. v. J.L. Wroan & Sons, Inc.* (1971), 2 Ill. App. 3d 524, 275 N.E.2d 654, citing *Freeport Motor Casualty Co. v. Tharp* (1950), 406 Ill. 295, 94 N.E.2d 139.) A notice of appeal filed before the filing of a written final order is premature and does not confer jurisdiction on the appellate court. (*In re Marriage of Roberts* (1980), 84 Ill. App. 3d 538, 406 N.E.2d 1.) Because the notice of appeal was premature and no timely motion to amend has been made, the appeal must be dismissed.

Appeal dismissed.

TRAPP and GREEN, JJ., concur.