(No. 59524

JAY STOERMER, Appellee, v. JIM EDGAR, Secretary of State, Appellant.

*Opinion filed November 30, 1984.*

SIMON, J., dissenting.

Neil F. Hartigan, Attorney General, of Springfield (Patricia Rosen, Assistant Attorney General, of Chicago, of counsel), for appellant.

Jonathan H. Barnard, of Schmiedeskamp, Robertson, Neu & Mitchell, of Quincy, for appellee.

JUSTICE CLARK delivered the opinion of the court:

On February 2, 1981, Jay Stoermer was convicted in the circuit court of Adams County of driving while under

the influence of intoxicating liquor. As a result of the conviction, Stoermer's driver's license and driving privileges were revoked effective March 10, 1981. On May 26, 1981, after application to the Secretary of State and a formal hearing, Stoermer was issued a restricted driving permit, permitting him to drive to and from his place of employment and in the course of his employment. Prior to the lapse of the above-mentioned permit, Stoermer made a request for a second permit. After a hearing, Stoermer was issued a second restricted driving permit on June 3, 1982. Prior to the lapse of the second permit, Stoermer made a formal request for restoration of his full driving privileges or, in the alternative, for renewal or extension of his second restricted driving permit.

On November 23, 1982, a hearing was held before the Secretary of State. Stoermer's driving record was introduced into evidence. The Secretary of State, pursuant to the recommendation of the hearing officer, denied both Stoermer's request for restoration of his full driving privileges and for renewal or extension of his second restricted driving permit. The Secretary of State entered an order on December 17, 1982, and an amended order on December 29, 1982, denying Stoermer's requests. On December 23, 1982, Stoermer filed suit in the circuit court of Adams County seeking review and reversal of the decision of the Secretary of State.

On May 4, 1983, a hearing was held in the circuit court. The circuit court judge announced his decision to reverse the decision of the Secretary of State and to restore Stoermer's full driving privileges. The circuit court judge directed Stoermer's attorney to prepare a written order. The order stated:

"Cause comes on for hearing on complaint. Argument heard, the court reverses the decision of the Secretary of State, and the defendant is hereby ordered to issue to the

plaintiff full driving privileges upon meeting usual requirements, with Plaintiff's Restricted permit to continue in effect pending issuance of full privileges. Cause set for hearing on Defendant's motion for stay, if any, on May 27 1983 at 2:00 P.M. FORMAL ORDER TO FOLLOW."

The judge signed the order prepared by Stoermer's counsel, and the order was stamped "FILED" by the clerk of the circuit court of Adams County.

On May 26, 1983, the day before the hearing, which had previously been set, on the Secretary of State's motion for a stay, the Secretary of State filed a notice of appeal to the Appellate Court, Fourth District. On May 27, 1983, the Secretary of State's motion for stay was denied and a formal typewritten order was entered. The formal order stated:

"This cause having come before the Court on Plaintiff's Complaint under the Administrative Review Act, the Court having reviewed the record of the Administrative Hearing held on November 23, 1982, concerning Plaintiff's application for restoration of full driving privileges, the Court having reviewed all other portions of the record filed with the Court pursuant to the Defendant's Answer, the Court having heard argument from counsel with regard to the Complaint, and the Court having found that it has jurisdiction over the parties and the subject matter hereto,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, and the Court so finds that the decision of the Secretary of State in denying restoration of Plaintiff's full driving privileges was without any basis in law or in fact, was arbitrary, and must be reversed as a matter of law. The Court further finds that the evidence before the Defendant at the hearing held on November 23, 1982, fully supported restoration of the Plaintiff's full driving privileges, and accordingly, the Court hereby orders the Defendant to restore the Plaintiff's full driving privileges, upon the Plaintiff meeting the usual and customary requirements pursuant to an application for privileges. The Court further orders that the Plaintiff's restricted

permit be continued in effect pending the issuance by the Defendant of the Plaintiff's full driving privileges."

The Appellate Court, Fourth District, in its opinion filed on November 21, 1983, dismissed the Secretary of State's appeal because it held that, since the notice of appeal was premature, it did not have jurisdiction to hear the appeal. The appellate court cited our Rule 272 (87 Ill. 2d R. 272), which provides:

"If at the time of announcing final judgment the judge requires the submission of a form of written judgment to be signed by him, the clerk shall make a notation to that effect and the judgment becomes final only when the signed judgment is filed. If no such signed written judgment is to be filed, the judge or clerk shall forthwith make a notation of judgment and enter the judgment of record promptly, and the judgment is entered at the time it is entered of record."

The appellate court then stated:

"The trial court's handwritten memorandum indicated that a formal order would be entered at a later time. A memorandum signed by the court cannot be deemed to be the judgment of record; it is but a direction to enter a judgment or an indication of what the judgment will be. (*Davidson Masonry & Restoration, Inc. v. J. L. Wroan & Sons, Inc.* (1971), 2 Ill. App. 3d 524, 275 N.E.2d 654, citing *Freeport Motor Casualty Co. v. Tharp* (1950), 406 Ill. 295, 94 N.E.2d 139.) A notice of appeal filed before the filing of a written final order is premature and does not confer jurisdiction on the appellate court. (*In re Marriage of Roberts* (1980), 84 Ill. App. 3d 538, 406 N.E.2d 1.) Because the notice of appeal was premature and no timely motion to amend has been made, the appeal must be dismissed." 119 Ill. App. 3d 514, 515.

The Secretary of State appealed to this court pursuant to our Rule 315 (87 Ill. 2d R. 315(a)), and we granted the petition for leave to appeal.

The only issue before this court on appeal is whether the appellate court erred in holding that it was without

jurisdiction to hear defendant's appeal because the notice of appeal to the appellate court was filed prior to the time the allegedly final, formal typewritten order or judgment was entered. We believe the appellate court was correct in holding that it was without jurisdiction in the instant case.

In the recent case of *Archer Daniels Midland Co. v. Barth* (1984), 103 Ill. 2d 536, 538-39, this court, citing our Rule 272, held that where a court grants summary judgment and also requires submission of a formal order, there is no judgment that can be attacked by motion, appealed from or enforced until that formal order is entered. In that case, a motion for summary judgment was filed by the plaintiff on August 11, 1982. An entry in the minute record showed that the motion was granted on August 30, 1982. The minute-record entry stated: "(Formal order to be submitted)." On September 20, 1982, the defendant filed a motion to reconsider the August 30 order. The formal order granting summary judgment was not signed and filed until October 6. The motion to reconsider was denied on December 30, and the defendant filed his notice of appeal on January 28, 1983. The appellate court, *sua sponte*, dismissed the appeal, holding that the notice of appeal was not timely filed and it was therefore without jurisdiction to hear the appeal. On appeal before this court, we reasoned that a motion to reconsider a judgment falls within the category of post-judgment motions which must be filed within 30 days after the challenged judgment is entered and that, since the motion to reconsider was not timely filed, the time in which to file the notice of appeal was not extended and the notice of appeal was therefore not timely filed. In affirming the appellate court, we held that "the January 28, 1983, notice of appeal, filed more than 30 days after the October 6, 1982, judgment was entered, did not vest the appellate court with jurisdiction, and the appeal was

properly dismissed." *Archer Daniels Midland Co. v. Barth* (1984), 103 Ill. 2d 536, 539.

Although the facts in *Archer Daniels* differ from the facts in the instant case because in *Archer Daniels* we had an untimely (late) notice of appeal and in the instant case we have an untimely (early) notice of appeal, the rationale for invoking the applicability of Rule 272 is the same. Rule 272 was intended "to resolve the difficulties which had arisen regarding the timeliness of an appeal where an oral announcement of judgment from the bench antedated the entry of a written judgment order" (*West v. West* (1979), 76 Ill. 2d 226, 233), and the rule's "purpose [was] to remove any doubt as to the date a judgment [was] entered" (*Davidson Masonry & Restoration, Inc. v. J. L. Wroan & Sons, Inc.* (1971), 2 Ill. App. 3d 524, 526). *Cf. People v. Jones* (1984), 104 Ill. 2d 268.

In an appellate court case which is factually similar to the instant case, *In re Marriage of Roberts* (1980), 84 Ill. App. 3d 538, the notice of appeal was filed one day prior to the entry of the judgment of dissolution. In *Roberts*, the appellate court held that "[i]f a written judgment is to be submitted to the trial judge for his signature, it becomes final 'only when the signed judgment is filed' (Ill. Rev. Stat. 1977, ch. 110A, par. 272), and a notice of appeal filed before that time is premature and will not confer jurisdiction on this court. *Texaco, Inc. v. Barnes* (1978), 60 Ill. App. 3d 696, 377 N.E.2d 187; *Blanchette v. Martell* (1977), 52 Ill. App. 3d 1029, 368 N.E.2d 458; *Norris v. Board of Fire & Police Commissioners* [(1975), 30 Ill. App. 3d 224, 227-28, 332 N.E.2d 553, 555-56]." 84 Ill. App. 3d 538, 541.

In *Freeport Motor Casualty Co. v. Tharp* (1950), 406 Ill. 295, 301, the court stated:

"Freeman, in his work on 'Judgments', (vol. 1, sec. 48, 5th ed.) states: 'Before a pronouncement should be taken as the judgment, it must be clear that it was in-

tended as such and not merely an announcement of the opinion of the court or an indication of what the judgment is going to be.'

It has repeatedly been held that a memorandum signed by the judge cannot be taken or used as the record judgment."

In the instant case, the handwritten order that was signed by the trial judge on May 4, 1982, specifically stated: "FORMAL ORDER TO FOLLOW." The second order was also more explicit in finding that the Secretary of State's denial of the restoration of the plaintiff's full driving privileges was "without any basis in law or in fact, was arbitrary, and had to be reversed as a matter of law." The first order did not so specify.

While we believe the decision in this case may seem harsh, there was no reason why the Secretary of State could not have amended his notice of appeal after becoming aware that the formal order disposing of the case was actually filed on May 27, 1983, at the time his motion to stay was denied. It is clear that only final judgments are appealable and that the filing of a notice of appeal is the only necessary jurisdictional step. (87 Ill. 2d R. 301.) If we were to allow this appeal on the basis that one day does not seem to make a significant difference, especially when we are dealing with a premature notice of appeal, then we would, in effect, be disregarding the requirement that only final judgments are appealable and we would defeat the purpose for which Rule 272 was adopted—to eliminate any confusion as to the finality of judgments.

For all the foregoing reasons, we affirm the decision of the appellate court which dismissed the Secretary of State's appeal on the grounds that since the notice of appeal was premature it was without jurisdiction to hear the appeal.

*Judgment affirmed.*

JUSTICE SIMON, dissenting:

For the reasons set forth in my dissent in *Archer Daniels Midland Co. v. Barth* (1984), 103 Ill. 2d 536, 540-41, I dissent from the majority's decision denying the defendant's appeal.