NORTHERN ILLINOIS GAS COMPANY, Plaintiff-Appellee, v. MARTAM CONSTRUCTION COMPANY, Defendant-Appellant.

Second District   No. 2—92—0460

Opinion filed February 23, 1993.

Bruce A. Brennan, of Huber & Brennan, of Winfield, for appellant.

Patricia M. Fennell, of Wheaton, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

Defendant, Martam Construction Company, appeals from a November 13, 1990, Du Page County circuit court judgment that defendant contends was entered *nunc pro tunc* on March 20, 1992,

in favor of plaintiff, Northern Illinois Gas Company. Defendant contends that the judgment should be reversed because it was against the manifest weight of the evidence and because plaintiff failed to establish the reasonableness of the amount of the damages claimed. We dismiss the appeal for lack of jurisdiction and note that a previous appeal of the same case was also dismissed for lack of jurisdiction.

After four small claims cases were consolidated, plaintiff filed a 38-count amended complaint against defendant. The complaint alleged that defendant damaged plaintiff's underground gas utility lines in 19 separate incidents in which defendant's heavy equipment hit plaintiff's lines. For each of the 19 alleged incidents, the complaint brought separate counts sounding in negligence and trespass.

In pretrial stipulations, the parties agreed that Tamas Kutravacz, a principal of defendant who had been a defendant in his individual capacity, was dismissed from the action. The parties also stipulated that all hits of plaintiff's gas lines were made by heavy equipment operated by defendant.

The case was tried on November 13, 1990. The appeal record does not contain a verbatim transcript of the trial court proceedings. We therefore base our review upon the report of the proceedings stipulated to by the parties under Supreme Court Rule 323(c). 134 Ill. 2d R. 323(c).

The stipulated report indicates that, at the conclusion of the trial, the trial judge immediately ruled in favor of defendant on two counts; reiterated prior rulings in favor of defendant on four counts; and ruled in favor of plaintiff on 16 counts, all based on trespass. The stipulated report also indicates that the trial judge ruled in favor of defendant on all of the negligence counts, although this ruling was not specifically stated by the judge. The final paragraph of the stipulated report states that the trial judge "gave no reasons for his ruling, made no comments on the evidence, and merely instructed the attorneys to prepare an Order, and he left the bench."

On December 12, 1990, defendant filed an appeal of the November 13, 1990, announced judgment. Defendant contended that the judgment was against the manifest weight of the evidence.

On July 24, 1991, by a Rule 23 order (134 Ill. 2d R. 23), this court dismissed defendant's appeal for lack of jurisdiction. The Rule 23 order stated that the trial court had clearly expected a written order to be submitted for its approval, but that no written order had ever been prepared or filed. The Rule 23 order further stated

that Supreme Court Rule 272 (134 Ill. 2d R. 272) provides that when a trial court requires a written order to be submitted for its approval "the judgment becomes final only when the signed judgment is filed." Because no signed written judgment was filed, the Rule 23 order concluded that no final judgment had been entered and that the proceedings were in a temporary state of abeyance because the bare announcement of the judgment was neither appealable nor binding. Accordingly, we dismissed the appeal for lack of jurisdiction.

On March 5, 1992, plaintiff filed a motion in the circuit court to enter a final order. Attached to the motion to enter a final order was an unsigned written order formalizing the judgment announced on November 13, 1990. The order still has not been signed.

In its second appellate brief, defendant notes that "the Order included in the Record On Appeal has not been signed or dated by [the trial judge]." Defendant contends, however, that an order was entered on March 20, 1992, indicating that judgment was entered in favor of plaintiff and against defendant in the amount of $8,054.27 plus costs of the suit *nunc pro tunc* to November 13, 1990. Defendant also maintains that all parties are in agreement that the trial judge specifically stated on March 20, 1992, that the previously announced judgment was to be entered on that date. Finally, defendant notes that the written order which was attached to its motion to enter a final judgment appears in the official record. For these reasons, defendant contends that the judgment announced November 13, 1990, is now appealable. Thus, the question before us is whether a case previously dismissed for lack of jurisdiction because no signed written order was filed pursuant to Rule 272 becomes appealable when the trial judge subsequently makes an oral judgment that the first judgment was entered on the date it was made, or whether a signed written order is still required pursuant to Rule 272.

■■ It is well established that only final judgments are appealable. (134 Ill. 2d R. 301; *Stoermer v. Edgar* (1984), 104 Ill. 2d 287, 294.) Supreme Court Rule 272 provides, in part:

"If at the time of announcing final judgment the judge requires the submission of a form of written judgment to be signed by [the judge or if a circuit court rule requires the prevailing party to submit a draft order], the clerk shall make a notation to that effect and the judgment becomes final only when the signed judgment is filed." (134 Ill. 2d R. 272.)

Under Rule 272, when a trial judge makes an oral announcement of a judgment and specifically requests that the parties draft an order for the judge to sign, the announced judgment does not become final until the formal written judgment is entered. *In re B.D.* (1991), 212 Ill. App. 3d 251, 254.

■ The purpose of Rule 272 is to eliminate confusion as to the finality of judgments (*Stoermer*, 104 Ill. 2d at 294) and resolve questions of timeliness of appeals where there is an oral announcement of judgment from the bench. (*Swisher v. Duffy* (1987), 117 Ill. 2d 376, 378.) In the time between the announcement of the judgment and the entry of the contemplated written and signed formal order, a party may not enforce the judgment, attack the judgment by motion, or appeal from the judgment. (*Ferguson v. Riverside Medical Center* (1985), 111 Ill. 2d 436, 441.) In such cases, the filing of a notice of appeal before the entry of the signed written order does not confer jurisdiction on an appellate court. *Ferguson*, 111 Ill. 2d at 441.

■ Here, it is undisputed that the trial judge orally announced his judgment on November 13, 1990, and requested that the parties' attorneys draft a written order for the entry of the judgment into the record. Nothing in the record indicates that the trial judge has changed this requirement so that a signed written order is no longer required. Nor does the purported order entered on March 20, 1992, change this requirement. Thus, this case continues to fall under Rule 272 and its provision that the announced judgment will not be considered final until a signed written judgment has been filed and entered in the record.

It is also undisputed that the parties have not filed a signed written judgment. Accordingly, under Rule 272, the announced judgment has not become a final judgment and it is therefore not appealable. We cannot agree with defendant's contention that an unsigned order or other memorandum of judgment is sufficient to make the announced judgment appealable. Rule 272 explicitly provides that an announced judgment, where the court requests a signed written formal judgment, becomes final only when the signed written judgment is filed. There is no doubt that a judgment is not appealable unless it is a final judgment. Thus, the November 13, 1990, announced judgment is not appealable because no final judgment has been filed.

We realize this decision may appear harsh given the agreement of the parties with respect to the date and content of the judgment in question here. However, the direction of the supreme court is so

clear and the purposes of Rule 272 are so important that an exception to the rule is not warranted in this case.

This case serves as an example of the difficulties which could arise if Rule 272 were not strictly observed. Defendant seeks to appeal a judgment which the court orally announced on November 13, 1990. But, the parties concede that the announced judgment was quickly rendered and omitted much detail. For example, the orally announced judgment did not completely resolve which exact counts were for which side and why. Nor did the announced judgment provide the total amount of damages or specific damage amounts for specific counts. The trial court left these details to the parties to specify in a formal written judgment. Without this written judgment the record is unclear as to these details. The fact that the parties may have agreed and stipulated to some of these details does not solve all the problems. Defendant contends that the November 13, 1990, judgment is to be entered *nunc pro tunc* but there is obviously nothing to that effect in the judgment itself. Without further clarification, questions as to the timeliness of appeals from the judgment may arise. To eliminate possible confusion with respect to judgments and the timeliness of related appeals, the supreme court formulated Rule 272. This case shows the reasonableness of the rule.

After the first appeal was dismissed, the parties must have known that a signed written order was required to finalize the announced judgment. The parties have not offered any reason for their failure to obtain and file a signed written order of judgment. Under Rule 272, the announced judgment has not become final. Absent a final judgment, we are without jurisdiction. Accordingly, defendant's second appeal must also be dismissed for lack of jurisdiction.

Based on the foregoing, the appeal is dismissed.

Dismissed.

INGLIS, P.J., and BOWMAN, J., concur.

JUSTICE QUETSCH delivered the opinion of the court: