2025 IL App (1st) 231783
No. 1-23-1783

FIFTH DIVISION
September 19, 2025

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| NATIONAL COLLEGIATE STUDENT LOAN) TRUST 2007-4, | ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 2019-M5-01183 |
| KIMBERLY PHELPS, | ) ) | The Honorable Thomas W. Murphy, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE ODEN JOHNSON delivered the judgment of the court, with opinion.
Justice Mikva concurred in the judgment and opinion.
Presiding Justice Mitchell dissented, with opinion.

**OPINION**

¶ 1 For the following reasons, we dismiss the appeal for lack of jurisdiction where the appellant, Kimberly Phelps, failed to file either a notice of appeal within 30 days or a motion with this court to file a late notice of appeal.

¶ 2                                    I. BACKGROUND

¶ 3            On February 19, 2019, plaintiff National Collegiate Student Loan Trust 2007-4 filed a

complaint against defendant Phelps regarding a student loan that was in default. The complaint

alleged that, as of January 22, 2019, the amount owed by defendant was $33,487.48. On April

8, 2019, the trial court entered a default judgment against her for the sum of $33,487.48, plus

costs of $438.64. On April 25, 2019, plaintiff moved to vacate the default judgment and enter

a stipulation signed by both parties. The stipulation was on a single sheet of paper, with the top

half of the sheet titled "Stipulation," and the bottom half of the sheet titled "Order."

¶ 4            The "Stipulation" half of the sheet stated, in full:

> "It is hereby stipulated and agreed by and between the parties that this action be
>
> dismissed without prejudice and with leave to reinstate as the Defendant[ ] agrees to
>
> pay the Plaintiff the sum of $33,547.48 payable at the rate of $130.00 per month starting
>
> 4/15/2019 and the 15th of each month thereafter until the sum is paid in full."

The stipulation was signed by both parties. The address under defendant's signature was her

parents' address in Merrionette Park, Illinois.

¶ 5            On May 18, 2019, the trial court entered the "Order" half of the sheet by signing and

dating it. Per the order, the case was "dismissed without prejudice and with leave to reinstate

if Defendant[ ] fails to abide by this agreement." The order stated that "This court retains

jurisdiction to enforce the settlement agreement." The order also stated:

> "If Defendant[ ] defaults on this Agreement, Plaintiff shall have leave to move this
>
> Court, upon Notice to the Defendant[ ] by regular mail and appropriate Motion, to

reinstate the case and to have Judgment entered against the Defendant[ ] in the amount of $33,547.48 plus 9% interest less any payments made hereunder."

¶ 6 On February 11, 2020, plaintiff filed a motion to vacate the dismissal order and for judgment, due to defendant's alleged failure to make payments. The motion alleged that defendant's last payment was on October 2, 2019. Plaintiff sought $32,797.48, plus costs of $500.37. On March 9, 2020, the court ordered defendant to file a response by March 16, 2020, with a status hearing set for March 26, 2020. On March 20, 2020, defendant's attorney filed a "General Appearance" on behalf of defendant. On August 29, 2020, a status hearing was set for October 3, 2020, and on October 3, 2020, it was reset for November 14, 2020.

¶ 7 On November 14, 2022, the trial court entered a typed order, indicating that the court had held a hearing that day, where both parties were represented by counsel. The order granted plaintiff's motion to vacate the dismissal order of May 18, 2019, and entered judgment against defendant in the sum of $32,797.48, plus costs of $500.37.

¶ 8 The order indicated that defendant had attempted to file a "motion to quash" on the same day as the hearing. Per the typed order, the trial court denied defendant's motion without the motion "being received or reviewed by the court." The trial court also denied defendant's "request to continue the presentment of Defendant's motion to quash to 11/29/2022 to allow the court to read the motion to quash." However, the trial court did permit defendant to "file a motion for reconsideration of this order." There is no transcript for this hearing or any other hearing in the record before us.

¶ 9 On November 16, 2022, defendant filed a motion to quash service on the ground that plaintiff's complaint was served on defendant by substitute service at her parents' home, although defendant allegedly resided in Arizona in March 2019 when it was served. In an

3

affidavit, defendant acknowledged that her father received "some documents" concerning plaintiff, at the same address listed under her name on the stipulation that she signed in 2019. Similarly, her father submitted an affidavit acknowledging that a sheriff's deputy came to his home and handed him sealed envelopes for defendant.

¶ 10        On December 13, 2022, defendant filed a motion for reconsideration, as previously permitted by the court, with the motion to quash attached. On January 9, 2023, the court set defendant's motions for a hearing on March 27, 2023. On March 27, 2023, the hearing was rescheduled to April 10, 2023, and on April 10, 2023, it was rescheduled to April 24, 2023.

¶ 11        The parties agree on appeal that, on April 24, 2021, a hearing was held, although no transcript appears in the record for this date. The court's half-sheet confirms that a hearing was held at 1:30 p.m. on April 24, 2021. In the column titled "Orders Entered," the half-sheet entry states that the court's "ruling" was that defendant's motion to reconsider was "denied." The half-sheet has an attestation clause at the bottom of one of the sheets, beginning with "State of Illinois, County of Cook, ss:." The clause states that the judgments and judges at the proceedings held on the days indicated were "as herein above and hereinafter stated." The "attest" line under the clause begins with "Dorothy Brown, Clerk of the Circuit Court."

¶ 12        Exactly 30 days later, on May 24, 2023, defendant filed a "Motion for Entry of Order." The motion alleged that, on April 24, 2023, the trial court had denied defendant's motion to reconsider. In her motion for entry of an order, defendant sought "a final order in this matter without backdating the Order, so that she may preserve her right to an appeal."

¶ 13        In response, plaintiff noted that judgment had been entered against defendant on November 14, 2022, and that the court had denied defendant's fully briefed and argued motion to reconsider on April 24, 2023. Plaintiff argued that defense counsel brought the instant

4

motion to ask for a typed order reflecting the April 24, 2023, ruling but with a different date. Plaintiff argued that defense counsel had no legitimate basis for this request, and plaintiff asked the court to enter a typed order memorializing the April 24, 2023, ruling, and to date it April 24, 2023.

¶ 14 On June 12, 2023, the matter was set for a status on August 21, 2023, at which time it was continued for a hearing to August 29, 2023, and again continued to September 7, 2023. On September 7, 2023, the trial court entered an order that stated in full:

"This matter coming before the Court for hearing on Defendant's Motion for Entry of Order, with Plaintiff present through counsel *** and Defendant through counsel ***, due notice given, the Court having jurisdiction and being fully advised in the premises, it is hereby ordered that:

1. Defendant's Motion for Entry of Order is denied for reasons stated on the record;

2. The Court finds the denial of Defendant's Motion to Reconsider occurred on April 24, 2023;

3. The Court finds no written order was entered into the Court's record to reflect the April 24, 2023[,] denial of Defendant's Motion to Reconsider;

4. A written order shall enter, dated April 24, 2023, to reflect the April 24, 2023[,] denial of Defendant's Motion to Reconsider."

¶ 15 The appellate record contains an order, dated April 24, 2023, that states in full:

"This matter coming before the Court on April 24, 2023[,] for hearing on Defendant's Motion for Reconsider, with the Parties present through counsel, due notice given, the Court having jurisdiction and being fully advised in the premises, it

5

is hereby ordered that Defendant's Motion to Reconsider is denied for reasons stated on the record."

¶ 16 On September 29, 2023, defendant filed a notice of appeal. On June 6, 2024, this court dismissed defendant's appeal for want of prosecution, due to a failure to file the record within the time prescribed by the rules. However, after defendant's motion and over plaintiff's objection, we withdrew the order on June 25, 2024, and permitted this appeal to proceed.

¶ 17                                    II. ANALYSIS

¶ 18 Plaintiff alleges that we lack jurisdiction to hear this appeal. In addition, an appellate court has an independent duty to consider its own jurisdiction, whether or not the issue was raised by any of the parties. *In re Marriage of Salvatore*, 2019 IL App (2d) 180425, ¶ 15 ("Before addressing the merits of this appeal, we have an independent duty to examine our appellate jurisdiction."); *Morgan v. Richardson*, 343 Ill. App. 3d 733, 738 (2003) ("Even when a party does not challenge this court's jurisdiction, this court has an independent duty to consider its jurisdiction before considering the merits of the case.").

¶ 19 Our supreme court has, on prior occasions, "castigated" the appellate court for failing to consider whether a notice of appeal was sufficient to confer jurisdiction on the appellate court. *Filliung v. Adams*, 387 Ill. App. 3d 40, 48 (2008) (discussing *People v. Smith*, 228 Ill. 2d 95, 106 (2008)). The supreme court has emphasized that consideration of our own jurisdiction is one of the "most important tasks of an appellate court panel when beginning the review of a case." *Smith*, 228 Ill. 2d at 106. "By giving careful attention to *** [this] task[ ], a court can avoid the possibly unnecessary expenditure of judicial resources." *Smith*, 228 Ill. 2d at 106.

¶ 20 In her initial appellate brief, defendant alleged that this court has jurisdiction pursuant to Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) and Rule 303 (eff. July 1, 2017). "Although supreme court rules are not statutes, they have ' "the force of law, and the presumption must be that they will be obeyed and enforced as written." ' " *People v. Ware*, 407 Ill. App. 3d 315, 353 (2011) (quoting *Robidoux v. Oliphant*, 201 Ill. 2d 324, 332 (2002), quoting *Bright v. Dicke*, 166 Ill. 2d 204, 210 (1995)). Our supreme court has recently noted that its "rules ' "have the force of law" and are "not aspirational." ' " *People v. Shunick*, 2024 IL 129244, ¶ 22 (quoting *People v. English*, 2023 IL 128077, ¶ 13, quoting *Bright*, 166 Ill. 2d at 210).

¶ 21 The task of interpreting a supreme court rule is nearly identical to the task of interpreting a statute. *Shunick*, 2024 IL 129244, ¶ 22. As with statutes, the goal is the same: to give effect to the drafters' intent, as the drafters expressed it, in their own words. *Shunick*, 2024 IL 129244, ¶ 22. Thus, we look, first and foremost, to the plain and ordinary meaning of the rule and, if it is clear, we apply it as written. *Shunick*, 2024 IL 129244, ¶ 22. If a rule is plain, we may not depart from it by reading into it exceptions, limits, or conditions which the supreme court did not express. *Shunick*, 2024 IL 129244, ¶ 22. When we review issues concerning the interpretation of a supreme court rule, we apply a *de novo* standard of review. *Law Offices of Brendan R. Appel, LLC v. Georgia's Restaurant & Pancake House, Inc.*, 2021 IL App (1st) 192523, ¶ 52.

¶ 22 Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) provides that "[e]very final judgment of a circuit court in a civil case is appealable as of right." There seems to be no dispute that the trial court did, indeed, issue a final judgment and that this judgment would have been appealable as of right, if the notice of appeal had been timely filed.

¶ 23    An "appeal is initiated by filing a notice of appeal." Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). "No other step is jurisdictional." Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); *Shunick*, 2024 IL 129244, ¶ 24. Thus, the timely filing of a notice of appeal was the only step needed to give us jurisdiction to hear this case. *Taylor v. Highline Auto Sales, Inc.*, 2023 IL App (1st) 221590, ¶ 20. "The jurisdiction of the appellate court hinges on whether the litigant complied with the deadlines set forth in this court's rules." *Shunick*, 2024 IL 129244, ¶ 24.

¶ 24    In its responsive brief, plaintiff argues that defendant's attorney failed to accomplish this one step and, thus, we lack jurisdiction under Rule 303. In reply, defendant's attorney argues that he filed a postjudgment motion for entry of an order, within 30 days of the April 24, 2023, decision, to deny defendant's motion for reconsideration of the judgment entered on November 14, 2022.

¶ 25    Illinois Supreme Court Rule 303(a)(1) (eff. July 1, 2017) provides that the "notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from." In the case at bar, "judgment" was entered on November 14, 2022; it was apparently stated at a hearing and encapsulated in a timely typed order.

¶ 26    Rule 303(a)(1) continues with an "or" clause, providing for an alternative time period in certain situations. "[I]f a timely posttrial motion directed against the judgement is filed," the notice must be filed "within 30 days after the entry of the order[1] disposing of the last pending postjudgment motion directed against the judgment or order." Ill. S. Ct. R. 303(a)(1) (eff. July

---

[1]To the extent that one wants to argue that "order" here means a typed order, separate and apart from the order entered on the half-sheet, and that "judgment" means the oral pronouncement from the bench, one is left with the anomaly that the final judgment is appealable without a separate typed order, while a reconsideration motion requires one. See Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). Illinois Supreme Court Rule 303(a)(1) (eff. July 1, 2017) provides that the "notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from," with nary a mention of an order.

1, 2017). In the case at bar, on December 13, 2022, defendant filed a motion "directed against" the judgment, in that it asked the court to reconsider the judgment on the basis of an alleged lack of personal jurisdiction. On April 24, 2023, the denial was entered in writing on the half-sheet in the column marked "Orders Entered."

¶ 27     "[E]ntry" for purposes of Rule 303 has meant entry on the half-sheet, since at least 1984, if not before. See Ill. S. Ct. R. 303(a) (eff. Oct. 1, 1983). In 1984, Rule 303(a)(1) stated then, as it does now, that the notice of appeal must be filed "within 30 days after the entry" of the order disposing of the last pending postjudgment motion directed against the judgment. Ill. S. Ct. R. 303(a)(1) (eff. Oct. 1, 1983). In 1984, this court found that a notice of appeal was untimely filed, where the half-sheet showed that the court had entered judgment more than 30 days before. *Sampson v. Ambrose*, 123 Ill. App. 3d 742, 743 (1984) (cited with approval by *City of Chicago v. American National Bank & Trust Co. of Chicago*, 171 Ill. App. 3d 680, 685-86 (1988)). Similarly, we find that the notice of appeal was untimely filed, where the half-sheet shows that the court entered judgment more than 30 days before.

¶ 28     "Absent draft orders indicating otherwise, the half-sheet entries are the official recordation of orders entered." *American National Bank & Trust*, 171 Ill. App. 3d at 686; *Servio v. Paul Roberts Auto Sales, Inc.*, 211 Ill. App. 3d 751, 756 (1991) (citing both *Sampson* and *American National Bank & Trust* with approval). In the case at bar, a timely draft order was indeed "absent." See *American National Bank & Trust*, 171 Ill. App. 3d at 686.

¶ 29     Docketing occurs with an entry in the official record, which can be accomplished by an entry on the half-sheet. *People v. Begay*, 2018 IL App (1st) 150446, ¶¶ 47-49; *People v. Liekis*, 2012 IL App (2d) 100774, ¶ 33 (although the appellate record did not contain a written jury waiver, the half-sheet established that defendant had waived a jury); Cook County Cir. Ct.

G.O. 6.5 (Jan. 6, 1977) (the half-sheet constitutes "part of the official record in each case"), Cook County Cir. Ct., General Order No. 6.5 (Jan. 6, 1977) (the half-sheet constitutes "part of the official record in each case"), at https://www.cookcountycourt.org/about/general-orders-cook-county-circuit-court (last viewed July 16, 2025)."). The half-sheet is a nonpartisan record that can be consulted to establish dates and judgments, thereby eliminating problems associated with one side's failure to act or notify. See *Sampson*, 123 Ill. App. 3d at 743-44 (a party can ascertain the date of judgment for purposes of appeal from the half-sheet or minute book).

¶ 30       Within 30 days of April 24, 2023, when the reconsideration motion was denied, if defense counsel was worried that his own failure to promptly submit a draft order would somehow adversely affect his client's ability to appeal, he still could have filed a notice of appeal at that time. The drafters had considered the very situation that defendant claims he faced, and they planned for it. Rule 303(a)(2) provides that "[w]hen a timely postjudgment motion has been filed *** a notice of appeal *filed before the entry of the order *** becomes effective when the order disposing of said motion *** is entered.*" (Emphasis added.) Ill. S. Ct. R. 303(a)(2) (eff. July 1, 2017). Thus, defendant's counsel could have filed a notice before submitting a draft order, and the notice would have become effective when the denial was deemed "entered." See Ill. S. Ct. R. 303(a)(2) (eff. July 1, 2017). However, the defense chose not to do that.

¶ 31       Instead, defense counsel filed a motion asking the court to memorialize its April 24, 2023, ruling denying defendant's postjudgment motion but to reconsider the date. Again, the drafters had thought of this situation too. Rule 303(a)(2) provides: "No request for reconsideration of a ruling on a postjudgment motion will toll the running of the time within

which a notice of appeal must be filed under this rule." Ill. S. Ct. R. 303(a)(2) (eff. July 1, 2017).

¶ 32    Defense counsel argues on appeal that his motion seeking the entry of a separate typed order was "a timely posttrial motion directed against the judgment" that then tolled the time to file the notice of appeal. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). Rule 303(a)(1) provides in relevant part that, if and only "if a timely posttrial motion directed against the judgment is filed," the notice of appeal may be filed with the clerk of the circuit court "within 30 days after the entry of the order disposing" of that last pending motion. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). However, the motion at issue was not a motion "directed against the judgment" entered for plaintiff. Defense counsel was not arguing against the judgment for plaintiff; he was merely seeking a filing. See Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). A motion was actually not needed to accomplish that task; counsel could have simply presented a proposed order to the court. On May 24, 2023, if there was no desire for further delay, there was no reason to file a motion to tinker with the date; defendant could have, at that moment, filed a notice of appeal.

¶ 33    Even if we could somehow find a way around the language in subsection (a)(1) of Rule 303, defendant has no argument regarding the language in subsection (a)(2) and does not even quote it. Although we quoted it above, it bears repeating. "No request for reconsideration of a ruling on a postjudgment motion will toll the running of the time within which a notice of appeal must be filed under this rule." Ill. S. Ct. R. 303(a)(2) (eff. July 1, 2017). Further, since defendant does not offer any argument regarding subsection (a)(2), this issue is forfeited for our review. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("[p]oints not argued are forfeited"); *Lozman v. Putnam*, 379 Ill. App. 3d 807, 826 (2008) (points not argued with relevant authority

11

cited are waived). Defendant also cites no cases for our consideration regarding the application of Rule 303.

¶ 34    Lastly, there is Illinois Supreme Court Rule 272 (eff. Jan. 1, 2018), which is titled "When Judgment is Entered" and which provides in full:

> "If at the time of announcing final judgment the judge requires the submission of a form of written judgment to be signed by the judge or if a circuit court rule requires the prevailing party to submit a draft order, the clerk shall make a notation to that effect and the judgment becomes final only when the signed judgment is filed. If no such signed written judgment is to be filed, the judge or clerk shall forthwith make a notation of judgment and enter the judgment of record promptly, and the judgment is entered at the time it is entered of record. Orders and judgments may be prepared, presented, and signed electronically, if permitted by the Supreme Court."

¶ 35    The first line of the above rule addresses when judgment is entered "[i]f" a draft order is "require[d]" by the trial court. Ill. S. Ct. R. 272 (eff. Jan. 1, 2018). In the case at bar, there is some evidence that the court directed defense counsel to submit a draft order—namely, an affidavit from plaintiff's counsel saying that the trial court so directed. In addition, the half-sheet entry for September 7, 2023, states that, "on Sept. 7, 2023, the order denying the Defendant's Motion to Reconsider was finally sent to the Court by the Atty for Defendant." The use of the word "finally" suggests that the court had previously allowed defense counsel to make a prompt submission that was then not forthcoming.

¶ 36    However, the rule specifies that, if a draft order is "require[d]," "the clerk *shall* make a notation to that effect." (Emphasis added.) Ill. S. Ct. R. 272 (eff. Jan. 1, 2018). In the case at bar, no such notation was made; and, therefore, the following dependent clause in that sentence

12

was not triggered. Per the rule, only a clerk's notation triggers the waiting period for a signed written judgment to be filed. Ill. S. Ct. R. 272 (eff. Jan. 1, 2018). In the case at bar, with neither a transcript nor a notation, no waiting period was triggered.

¶ 37    The second line applies when a written judgment was not required. The rule specifies that "the judge or clerk *shall* forthwith make a notation of judgment and enter the judgment of record promptly." (Emphasis added.) Ill. S. Ct. R. 272 (eff. Jan. 1, 2018). That was done in this case. Under "Orders Entered" on the half-sheet, the notation of judgment states that, on April 24, 2023, at approximately 1:30 p.m., plaintiff's motion to reconsider was denied. As such, the rule provides that "the judgment" was "entered at the time it is entered of record." Ill. S. Ct. R. 272 (eff. Jan. 1, 2018).

¶ 38    The trial court, of course, is the best source to determine what it did, and did not, "require[ ]." Black's Law Dictionary defines requirement, in relevant part, as the "act of establishing something as a need or necessity," "a demand." Black's Law Dictionary (12th ed. 2024). An entry on the half-sheet states that "[t]his order was made on April 24, 2023." If a subsequent written judgment had been considered a necessity by the trial court, it would not have found that the order was made on April 24, 2023. It makes sense to have the trial court determine the timing of entry, which is a factual issue, particularly when our jurisdiction depends on it. The last thing one would want is an overreaching appellate court determining both the facts that underlie its jurisdiction, as well as the law governing it.

¶ 39    To the extent that defendant wanted to enable us to review the trial court's factual finding, a transcript was necessary to accomplish that end, since the court's order clearly stated that "Defendant's Motion for Entry of Order is denied for reasons stated on the record."

13

¶ 40    The dissent cites in support *Stoermer v. Edgar*, 104 Ill. 2d 287, 293 (1984). The dissent observes that *Stoermer* stands for the proposition that Rule 272 was meant to resolve the difficulties that had arisen concerning the timeliness of an appeal when an oral judgment was announced without a contemporaneous written order. That is undoubtedly true. However, the facts of *Stoermer* support the conclusion that we reach today. In *Stoermer*, the Illinois Supreme Court found that the appellate court was correct in concluding that it lacked jurisdiction over an appeal because the notice of appeal was premature. *Stoermer*, 104 Ill. 2d at 294. In *Stoermer*, the supreme court found that the key fact was a handwritten note by the judge, stating " 'FORMAL ORDER TO FOLLOW.' " *Stoermer*, 104 Ill. 2d at 294. The supreme court also cited with approval a prior case with a similar outcome, where the minute-record entry stated " '(Formal order to be submitted).' " *Stoermer*, 104 Ill. 2d at 292 (quoting *Archer Daniels Midland Co. v. Barth*, 103 Ill. 2d 536, 537-39 (1984)). In the case at bar, without a similar handwritten note or half-sheet notation, Rule 272 did not trigger a waiting period.

¶ 41    The dissent is concerned with the trial court's alleged backdating, implying that it was somehow sinister and untoward. However, the trial court's order was a proper *nunc pro tunc* order, and *nunc pro tunc* orders have been around for decades, if not centuries. "A *nunc pro tunc* order is an entry now for something previously done, made to make the record speak now for what was actually done then." *Kooyenga v. Hertz Equipment Rentals, Inc.*, 79 Ill. App. 3d 1051, 1055 (1979). "A court has inherent power to make an entry *nunc pro tunc* at any time ***," so long as the judgment recorded was "definite and certain." *Kooyenga*, 79 Ill. App. 3d at 1055-56. This power rests, in part, upon the power of every court to control its own records. *Kooyenga*, 79 Ill. App. 3d at 1056. In other words, the power over the trial court's records belongs to the trial court, not us.

¶ 42     We have no choice but to dismiss the appeal. "Unless there is a properly filed notice of appeal, a reviewing court has no jurisdiction over the appeal and is obliged to dismiss it." *Smith*, 228 Ill. 2d at 104.

¶ 43                              III. CONCLUSION

¶ 44     On a prior occasion when this court dismissed defendant's appeal, due to a failure to file the record within the prescribed time, we withdrew the order, despite plaintiff's objection, and permitted the appeal to proceed. However, the matter under consideration now is jurisdictional and not open to our discretion. Where defendant failed to file either a timely notice of appeal (Ill. S. Ct. R. 303(a), (b) (eff. July 1, 2017)) or a motion seeking leave to file a late notice of appeal (Ill. S. Ct. R. 303(d) (eff. July 1, 2017), our sole option is to dismiss the appeal.

¶ 45     Appeal dismissed.

¶ 46     PRESIDING JUSTICE MITCHELL, dissenting:

¶ 47     The majority holds that a trial judge's notation on a half-sheet—rather than a subsequently entered, signed written order—governs for purposes of determining the timeliness of an appeal. That conclusion departs from established rules of procedure, creates uncertainty in an area that demands clarity, and undermines the bedrock principle that a judgment becomes final upon formal entry in accordance with Illinois Supreme Court Rule 272 (eff. Jan. 1, 2018). Accordingly, I respectfully dissent.

¶ 48     When does the time to appeal begin to run? Illinois Supreme Court Rule 272 answers the question:

"If at the time of announcing final judgment the judge requires the submission of a form of written judgment to be signed by the judge or if a circuit court rule requires the prevailing party to submit a draft order, the clerk shall make a notation to that effect and the judgment becomes final only when the signed judgment is filed." *Id.*

The rule is neither advisory nor optional, and its purpose "is to remove any doubt as to the date a judgment is entered." Ill. S. Ct. R. 272, Committee Comments (adopted Jan. 1, 2018). "Rule 272 was intended 'to resolve the difficulties which had arisen regarding the timeliness of an appeal where an oral announcement of judgment from the bench antedated the entry of a written judgment order ***.' " *Stoermer v. Edgar*, 104 Ill. 2d 287, 293 (1984) (quoting *West v. West*, 76 Ill. 2d 226, 233 (1979).

¶ 49    The record here reveals precisely such a situation. The trial judge made an oral ruling and corresponding notation on a half-sheet on April 24, 2023, but no judgment was entered on the docket until September 7, 2023. Indeed, months later, in another half-sheet entry, the circuit judge acknowledged the receipt of the formal draft order: "On Sept. 7, 2023 the Order denying the Defendant's Motion to Reconsider was finally sent to this Court by the [Attorney] for Defendant." The attempt to back date the entry of the September 7, 2023, order to the date of the prior oral ruling is itself a clear violation of Rule 272. Under the rule, the judgment became final on the date of that signed order's entry, not before. Ill. S. Ct. R. 272 (eff. Jan. 1, 2018). The September 7, 2023, order signed by the circuit court judge expressly found that "no written order was entered into the Court's record to reflect the April 24, 2023 denial of Defendant's Motion to Reconsider."

¶ 50    The Supreme Court rules exist to promote transparency and predictability. Where the circuit court enters a formal written order, it controls over any notation on the half-sheet, and

16

the authority cited by the majority acknowledges as much. See, *e.g.*, *City of Chicago v. American National Bank & Trust Co. of Chicago*, 171 Ill. App. 3d 680, 686 (1988) ("Absent draft orders indicating otherwise, the half-sheet entries are the official recordation of orders entered."). Here, the order entered on September 7, 2023, was precisely such an order, and it controls the time for appeal over any prior notation on the half-sheet.

¶ 51   Never before has an appellate court in Illinois held that the time to appeal ran from the date of a notation on a half-sheet when a formal, written order was later entered on the docket. And with good reason. The new rule crafted by the majority now requires litigants to scour the handwritten notes in a court file to determine when appeal rights might attach. The majority promotes guesswork over certainty and undermines the very purpose of Illinois Supreme Court Rule 272. This court is already burdened with premature and duplicative appeals, and this will only increase as a result of the majority's unprecedented decision. The notice of appeal was timely filed from the entry of the September 7, 2023, order, and I would therefore reach the merits.

*National Collegiate Student Loan Trust 2007-4 v. Phelps*, **2025 IL App (1st) 231783**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 2019-M5-01183; the Hon. Thomas W. Murphy, Judge, presiding. |
| **Attorneys for Appellant:** | Andrew Finko, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Thomas J. Fox, of Sessions, Israel & Shartle, LLC, of Chicago, for appellee. |