No. 2--07--0318    Filed: 7-23-07

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| CE DESIGN, LTD., and FLEXICORPS, INC., | ) | Appeal from the Circuit Court |
| Individually and as the Representatives For a | ) | of Du Page County. |
| Class of Similarly Situated Persons, | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | No. 03--CH--1565 |
| | ) | |
| THE MORTGAGE EXCHANGE, INC., | ) | Honorable |
| | ) | Edward R. Duncan, Jr., |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE ZENOFF delivered the opinion of the court:

On March 26, 2007, plaintiffs, CE Design, Ltd., and Flexicorps, Inc., filed a Supreme Court Rule 306(a)(8) (210 Ill. 2d R. 306(a)(8)) petition for leave to appeal from an order of the circuit court of Du Page County. On April 17, 2007, defendant, The Mortgage Exchange, Inc., filed a motion to dismiss plaintiffs' petition, for lack of jurisdiction. For the following reasons, we grant defendant's motion to dismiss.

I. BACKGROUND

On December 1, 2004, plaintiffs filed their first amended class action complaint alleging that on or about August 2003 defendant transmitted unsolicited advertisements to facsimile machines owned by plaintiffs, in violation of Illinois and federal statutory law. Specifically, plaintiffs alleged that defendant violated both the federal Telephone Consumer Protection Act of 1991 (TCPA) (47

U.S.C. §227 (b)(1)(C) (2000)) and the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/2 (West 2002)). The TCPA makes unlawful the use of a telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine. 47 U.S.C. §227 (b)(1)(C) (2000). The TCPA also provides that when this provision is violated, a person may, if otherwise permitted by a state's laws or rules of court, bring an action in an appropriate court of that state to recover for actual monetary loss from the violation, or to receive $500 in damages for each such violation, whichever is greater. 47 U.S.C. §227 (b)(3)(B) (2000). The Illinois Consumer Fraud and Deceptive Business Practices Act prohibits "unfair or deceptive acts or practices" in the conduct of any trade or commerce. 815 ILCS 505/2 (West 2002). Plaintiffs alleged that defendant's unsolicited facsimile practice was unfair, because plaintiffs incurred expenses without any consideration. Plaintiffs also alleged, in a separate count, that defendant committed conversion in that it permanently misappropriated plaintiffs' facsimile machines' toner and paper to defendant's own use. Plaintiffs sought an award of statutory damages for each violation, as well as punitive damages and attorney fees.

In their complaint, plaintiffs also alleged that a class action was proper because the class consisted of thousands of persons in Illinois and throughout the United States, such that joinder of all members was impracticable. Plaintiffs further alleged that there were questions of fact common to the class, which predominated over questions affecting only individual class members, and that a class action was both fair and appropriate. Plaintiffs filed a motion for class certification with their original complaint on October 29, 2003.

On October 13, 2006, the trial court denied plaintiffs' motion for class certification. The trial court held first that issues such as the specific receipt of and consent to receive a facsimile

transmission by each class member were not common issues. The trial court also held that a class action was not an appropriate method for the fair and efficient adjudication of the controversy, because when Congress enacted the TCPA, it envisioned individual, small claims litigation, not private class actions with potential recoveries in the millions of dollars. The trial court, therefore, concluded that it would be unfair to certify the class given the harm Congress was trying to redress in the TCPA.

On November 13, 2006, plaintiffs filed a motion for reconsideration of the denial of their motion for class certification. On February 22, 2007, the trial court denied plaintiffs' motion to reconsider. On March 26, 2007, plaintiffs filed a petition for leave to appeal the trial court's denial of their motion for class certification. On April 17, 2007, defendant filed a motion to dismiss plaintiffs' petition for leave to appeal, for lack of jurisdiction. We now consider defendant's motion to dismiss.

## II. DISCUSSION

In its motion to dismiss, defendant contends that this court lacks jurisdiction to consider plaintiffs' petition for leave to appeal, because plaintiffs failed to file their petition within 30 days of the trial court's October 13, 2006, order denying class certification. Plaintiffs respond in two ways. First, plaintiffs contend that defendant's motion to dismiss was not properly served and should be stricken for failure to serve as required by law. Second, plaintiffs contend that they filed a timely petition for leave to appeal.

### A. Service

Supreme Court Rule 11(b)(4) states that papers may be served "by transmitting them via facsimile machine to the office of the attorney or party, who has consented to receiving service by

facsimile transmission." 145 Ill. 2d R.11(b)(4). Pursuant to this rule, defendant served by facsimile its motion to dismiss plaintiffs' petition for leave to appeal. However, there is no indication in the record that plaintiffs ever consented to service by facsimile. Therefore, plaintiffs argue, defendant's motion to dismiss should be stricken.

In In re M.G., 301 Ill. App. 3d 401, 412-13 (1998), the First District considered the State's violation of Rule 11(b)(4) in the trial court proceedings. In that case, the respondent contended that the State failed to properly notify him of its intent to prosecute him as a violent juvenile offender, in part because the service occurred by facsimile and his attorney never consented to service by facsimile. M.G., 301 Ill. App. 3d at 412. Although the M.G. court acknowledged that the record did not indicate that the respondent's attorney had consented to such service, it held that such a violation was not reversible error where the respondent's attorney received actual notice and where the respondent was permitted to object to the propriety of his prosecution as a violent juvenile offender.

The appellate court also has applied a harmless error analysis in another context, which we find instructive. The Fourth District similarly treated as harmless violations of Supreme Court Rule 12(b) (145 Ill. 2d R. 12(b)). In Curtis v. Pekin Insurance Co., 105 Ill. App. 3d 561, 566-67 (1982), the Fourth District held that very slight defects in proof of service that resulted in nonconformity with Supreme Court Rule 12(b)'s requirements did not constitute reversible error. The court reasoned that this is especially true where the complaining party is in no way prejudiced or harmed by the other party's failure to comply with the exact requirements of the rule. Curtis, 105 Ill. App. 3d at 566-67.

We recognize that, unlike M.G. and Curtis, the case at bar involves a violation of a supreme court rule in the appellate court and not a review of such a violation in the trial court. However, a lack of strict compliance with procedural supreme court rules governing the appellate court has also been condoned where alleged violations do not interfere with or preclude review. In re Detention of Powell, 217 Ill. 2d 123, 132 (2005). Plaintiffs in this case make no contention that defendant's violation of Rule 11(b) has prejudiced or harmed them. Plaintiffs do not dispute that they received defendant's motion to dismiss and have, in fact, filed a response to the motion. Thus, although we admonish defendant that the supreme court rules are not merely advisory, and we direct it to comply with Rule 11(b) in any future service to plaintiffs, defendant's failure to strictly comply with Rule 11(b) does not merit the harsh sanction of striking its motion to dismiss. Accordingly, we will now consider the merits of that motion.

### B. Motion to Dismiss

In its motion to dismiss, defendant contends that this court lacks jurisdiction to consider plaintiffs' appeal and, therefore, asks that we dismiss plaintiffs' petition for leave to appeal. Defendant argues that, pursuant to Supreme Court Rule 306(c) (210 Ill. 2d R. 306(c)), plaintiffs had only 30 days following the trial court's October 13, 2006, denial of their motion for class certification to file a petition for leave to appeal the denial. Because plaintiffs did not file their petition for leave to appeal that decision until March 26, 2007, long after the 30 days had expired, defendant contends that this court lacks jurisdiction to hear plaintiffs' appeal. Plaintiffs concede that they did not file their petition for leave to appeal within 30 days of the original order denying their motion for class certification; however, plaintiffs argue that their petition for leave to appeal is timely because (1)

their motion to reconsider tolled the time for appeal, or alternatively, because (2) their motion to reconsider was actually a new motion for class certification.

## 1. Tolling Time to Appeal

According to Rule 306(c), "An original and three copies of the petition [for leave to appeal] *** shall be filed in the Appellate Court in accordance with the requirements for briefs within 30 days after the entry of the order." (Emphasis added.) 210 Ill. 2d R. 306(c). The 30-day requirement is jurisdictional. Kemner v. Monsanto Co., 112 Ill. 2d 223, 236 (1986). There is no provision in the rule that allows a motion to reconsider an interlocutory order to extend the time for filing the petition for leave to appeal. Leet v. Louisville & Nashville R.R. Co., 131 Ill. App. 3d 763, 764 (1985). As a result, Illinois courts have consistently held that motions to reconsider that are directed at interlocutory orders identified by certain subsections of Rule 306(a) do not toll the running of the 30-day deadline to petition for leave to appeal those orders. In re Leonard R., 351 Ill. App. 3d 172, 174 (2004) (considering subsection (a)(5)); Law Offices of Jeffery M. Leving, Ltd. v. Cotting, 345 Ill. App. 3d 495, 499 (2003) (considering subsection (a)(4)); National Seal Co. v. Greenblatt, 321 Ill. App. 3d 306, 308 (2001) (considering subsection (a)(4)); Odom v. Bowman, 159 Ill. App. 3d 568, 570-71 (1987) (considering previous Rule 306(a)(1)(i) (107 Ill. 2d R. 306(a)(1)(i)), now subsection (a)(1)).

However, plaintiffs argue that no Illinois case has considered specifically whether the denial of a motion for reconsideration of class certification is appealable pursuant to Rule 306(a)(8). Plaintiffs assert that, unlike under the other subsections of Rule 306(a), a motion to reconsider an order denying class certification tolls the time to petition for leave to appeal under Rule 306(a)(8). Plaintiffs point out that Rule 306(a)(8) is not worded the same way as subsections (2) and (4) in that

subsection (8) does not define the appealable order with reference to granting or denying a motion. For example, Rule 306(a)(2) states that a party may petition for leave to appeal "from an order of the circuit court allowing or denying a motion to dismiss on the grounds of forum non conveniens ***." 210 Ill. 2d R. 306(a)(2). In contrast, Rule 306(a)(8) (210 Ill. 2d R. 306(a)(8)) states that the appeal is from "an order of the circuit court denying or granting certification of a class action." Thus, plaintiffs maintain, a circuit court's order denying reconsideration is a separate and new order denying class certification. We reject plaintiffs' arguments.

The timeliness requirement in subsection (c) of Rule 306 applies in the same way to all petitions filed pursuant to all subsections of Rule 306(a) except subsection (a)(5), which is governed by subsection (b). 210 Ill. 2d R. 306(c); see also Leonard R., 351 Ill. App. 3d at 174. Thus, following the logic of Leonard R., if a motion to reconsider will not toll the running of the 30-day deadline for petitions filed pursuant to Rules 306(a)(2) and (a)(4), then a motion to reconsider will not toll the running of the deadline for a petition filed pursuant to Rule 306(a)(8). See Leonard R., 351 Ill. App. 3d at 174.

Although plaintiffs attempt to distinguish the language of subsections (2) and (4) from that of subsection (8), plaintiffs fail to distinguish the language of subsections (1) and (5). Unlike subsections (2) and (4), subsections (1) and (5) do not concern the denial or grant of specific motions but, rather, like subsection (8), they state that a petition for leave to appeal may be filed from a particular order without regard to the grant or denial of a particular motion. 210 Ill. 2d Rs. 306(a)(1), (a)(5). We are not persuaded that plaintiffs' attempt to distinguish a motion to reconsider an order granting or denying class certification should cause us to differ with the conclusion of the Leonard R. and the Odom courts, that a motion to reconsider does not toll the time for filing the petition for

leave to appeal. Therefore, plaintiffs' motion to reconsider the denial of class certification did not toll the time to petition for leave to appeal from the original order. Accordingly, we will now consider plaintiffs' alternative argument.

### 2. New Motion

Plaintiffs next argue that they timely filed their petition for leave to appeal because their November 13, 2006, motion to reconsider was in actuality a new motion for class certification, which started a new 30-day period in which to petition for leave to appeal. Plaintiffs cite Kemner to support their argument.

In Kemner, the defendant filed three separate motions to dismiss on forum non conveniens grounds. The court denied the first motion on May 29, 1981. Kemner, 112 Ill. 2d at 229. With no mechanism then existing for a direct appeal of such an order, the defendant filed a petition for a writ of mandamus, which was denied. Kemner, 112 Ill. 2d at 229. The trial court denied the defendant's second motion on April 29, 1983, and the reviewing courts denied the defendant's petitions for leave to appeal. Kemner, 112 Ill. 2d at 230-31. The defendant filed a third motion, entitled a "motion to reconsider," on September 28, 1984, alleging facts that had come to light during discovery to bolster its contention that the chosen forum was not convenient. Kemner, 112 Ill. 2d at 231. The trial court denied the motion on December 13, 1984. Kemner, 112 Ill. 2d at 231. The appellate court denied leave to appeal, but the supreme court granted it and reversed the trial court's order. Kemner, 112 Ill. 2d at 250.

The supreme court held that it had jurisdiction despite the 30-day time limit in Rule 306, because the "motion to reconsider" was in reality a new original motion to dismiss. Kemner, 112 Ill. 2d at 239. It held that the September 28, 1984, motion was not an attempt to extend the time to

appeal the denial of the 1983 motion, because the third motion alleged new information and cited new authorities decided since the denial of the second motion. Kemner, 112 Ill. 2d at 239. In addition, the defendant had already pursued an appeal from the earlier order. Kemner, 112 Ill. 2d at 239. The court stated, "The fact that a circuit court ruling was obtained and a timely appeal sought as to each motion leads us to conclude that each motion was in substance a new original motion seeking dismissal on the basis of forum non conveniens." Kemner, 112 Ill. 2d at 239.

Here, unlike in Kemner, plaintiffs did not seek to appeal the order denying their motion to certify the class. Instead, within 30 days of that order, they sought reconsideration. Plaintiffs argue that the motion to reconsider concerned issues the parties had not previously addressed. Plaintiffs assert that their motion to reconsider addressed the new legal issues and authorities the trial court "unexpectedly" raised at the initial hearing on class certification. We disagree. Plaintiffs based their motion for reconsideration on "legal error." The motion simply attempted to point out to the trial court why it erred in interpreting existing authorities. The motion did not introduce new factual matter or cite to a change in the law. Consequently, the motion, in substance, was not a new and independent motion for class certification. Accordingly, the 30-day appeal period did not start anew.

For the foregoing reasons, we allow defendant's motion to dismiss plaintiffs' petition for leave to appeal, for lack of appellate jurisdiction.

Petition for leave to appeal dismissed.

BYRNE and GILLERAN JOHNSON, JJ., concur.