In the

 United States Court of Appeals
 For the Seventh Circuit
 ____________________

No. 22-1660
CRAIG BILLIE, et al.,
 Plaintiffs-Appellants,

 v.

VILLAGE OF CHANNAHON, ILLINOIS, et al.,
 Defendants-Appellees.
 ____________________

 Appeal from the United States District Court for the
 Northern District of Illinois, Eastern Division.
 No. 20-cv-3294 — Mary M. Rowland, Judge.
 ____________________

 ARGUED NOVEMBER 7, 2022 — DECIDED JANUARY 24, 2023
 ____________________

 Before FLAUM, EASTERBROOK, and ST. EVE, Circuit Judges.
 EASTERBROOK, Circuit Judge. In 1993 the Village of Chan-
nahon, Illinois, approved the plat of a residential subdivision
lying within the DuPage River Special Flood Hazard Area. By
August 1994 the Village had issued permits for the construc-
tion of seven houses in this subdivision. All seven experience
ﬂooded basements when the DuPage River is at high water.
Plaintiﬀs, the current owners of these houses, contend that the
Village violated the Constitution either by granting the
2 No. 22-1660

permits to build (without ensuring that the basements would
remain dry) or by failing to construct dykes to keep water
away. But plaintiﬀs do not contend that the Village required
them to build where they did, or to dig basements to the depth
they did, or took any steps after the houses’ construction that
made ﬂooding worse. The district court dismissed the com-
plaint for failure to state a claim. 2022 U.S. Dist. LEXIS 50348
(N.D. Ill. Mar. 22, 2022). (Claims based on state law were dis-
missed without prejudice, and we do not mention them
again.)
 This suit is barred by the principle that the Constitution
establishes rights to be free of governmental interference but
does not compel governmental intervention to assist persons
in distress. In other words, the Constitution establishes nega-
tive rather than positive liberties. See, e.g., DeShaney v. Winne-
bago County Department of Social Services, 489 U.S. 189 (1989);
Castle Rock v. Gonzales, 545 U.S. 748 (2005). Homeowners are
responsible for their own decisions. No one forced plaintiﬀs
or their predecessors in interest to build houses in a ﬂood-
plain. (At oral argument counsel for the plaintiﬀs asserted that
the Village may have demanded deeper basements than the
developer wanted to dig but conceded that the evidence at his
disposal does not support that proposition, which does not
appear in the complaint.)
 We may assume, as plaintiﬀs assert, that the Village vio-
lated both a local ordinance and a federal regulation, 44 C.F.R.
§60.3(c)(7), by granting the developer’s applications without
insisting that the houses be built a few feet higher above the
DuPage River, but this just puts the DeShaney problem in fo-
cus: the Constitution does not entitle private parties to accu-
rate enforcement of local, state, or federal law. See, e.g.,
No. 22-1660 3

Snowden v. Hughes, 321 U.S. 1, 11 (1944); Davis v. Scherer, 468
U.S. 183, 192–96 (1984); Nordlinger v. Hahn, 505 U.S. 1, 16 n.8
(1992); Wilson v. Corcoran, 562 U.S. 1, 5 (2010); Archie v. Racine,
847 F.2d 1211, 1215–18 (7th Cir. 1988) (en banc).
 If the builders or original owners concealed ﬂood risks
from their purchasers, that might create a tort claim against
the wrongdoers, but it does not create any constitutional
claim against the government. All the Village did was grant
applications made to it. That is to say, the Village did not get
in the way of private choices. As the Constitution does not re-
quire governments to prevent private actors from making
mistakes, plaintiﬀs lack a good claim.
 Plaintiﬀs’ argument under the Takings Clause fails be-
cause the Village did not take anyone’s property, either by
physical invasion or by regulation that prevented the land’s
use. The DuPage River, which did invade plaintiﬀs’ base-
ments, is not a governmental body. Plaintiﬀs have not cited,
and we did not ﬁnd, any decision deeming a ﬂood a “taking”
unless governmental action caused or magniﬁed the loss. Yet
the Village did not create the rain, the river, or the ﬂoodplain.
It did no more than allow people to act on their own choices.
 Arkansas Game & Fish Commission v. United States, 568 U.S.
23, 31–34 (2012), recaps the sorts of situations in which ﬂood
waters have been classiﬁed as takings. In all of them the gov-
ernment caused or contributed to the inundation. The Court
summarized: “government-induced ﬂooding can constitute a
taking of property, and because a taking need not be perma-
nent to be compensable, our precedent indicates that govern-
ment-induced ﬂooding of limited duration may be compen-
sable.” Id. at 34. Plaintiﬀs have not plausibly alleged, however,
4 No. 22-1660

that the water in their basements is “government-induced”,
so the complaint was properly dismissed.
 AFFIRMED