2024 IL App (3d) 240103

Opinion filed March 13, 2024

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| DALE A. LIKAR, | ) | Will County, Illinois. |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | Appeal No. 3-24-0103 |
| and | ) | Circuit No. 16-D-1816 |
| | ) | |
| CHRISTINA M. LIKAR, | ) | Honorable |
| | ) | David Garcia, |
| Respondent-Appellant. | ) | Judge, Presiding. |

JUSTICE DAVENPORT delivered the judgment of the court, with opinion.
Presiding Justice McDade and Justice Peterson concurred in the judgment and opinion.

**OPINION**

¶ 1        Respondent, Christina M. Likar, has petitioned this court, under Illinois Supreme Court Rule 306(a)(4) (eff. Oct. 1, 2020), for leave to appeal the circuit court's denial of her request to transfer a postdissolution proceeding from Will County to Grundy County. For the following reasons, we lack jurisdiction and, therefore, dismiss respondent's petition.

¶ 2                                 I. BACKGROUND

¶ 3        Christina and petitioner, Dale A. Likar, married in 2003. In August 2019, the circuit court entered a judgment dissolving the parties' marriage. The judgment incorporated a marital

settlement agreement, which, among other things, required Dale to pay Christina maintenance for a 54-month term, subject to review (and possible extension) on Christina's petition filed before the term's expiration. In addition, the agreement provided Dale's maintenance obligation was terminable upon (1) Christina's cohabitation with another person on a continuing conjugal basis, (2) Christina's remarriage, (3) either party's death, or (4) the term's expiration.

¶ 4    On October 20, 2023, Dale petitioned to terminate his maintenance obligation. He asserted Christina was cohabitating with Rich Jerrick on a continuing conjugal basis. He asked for an order terminating his obligation, retroactive to the date Christina commenced her continuing conjugal relationship with Jerrick, which he alleged was both "on or before January of 2020" and "on or before July of 2021."

¶ 5    On October 25, 2023, Christina moved to transfer the petition from Will County to Grundy County, under sections 511 and 512 of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/511, 512 (West 2022)). Though a briefing schedule was entered, Dale did not file a written response. On November 20, 2023, Christina filed a second motion to transfer venue, which incorporated the previous motion by reference and included additional factual allegations.[1] Christina asserted the court was required to transfer the matter to Grundy County because Dale resided in Traverse City, Michigan, and Christina resided in Grundy County.

¶ 6    After a hearing on November 27, 2023, the court denied Christina's motion.

¶ 7    On December 22, 2023, Christina moved to reconsider, arguing the court incorrectly denied her motion to transfer the proceedings. She did not bring forth any new factual information or changes in the law.

---

[1]The second motion stated it was filed in accord with a previously entered briefing schedule.

¶ 8       On January 10, 2024, the court denied Christina's motion to reconsider. On February 8, 2024, Christina petitioned this court for leave to appeal the circuit court's November 27, 2023, order, denying her motion to transfer, and its January 10, 2024, order denying her motion to reconsider.

¶ 9       II. ANALYSIS

¶ 10       We have an independent duty to examine our jurisdiction. When jurisdiction is lacking, we must dismiss the appeal. *Almgren v. Rush-Presbyterian-St. Luke's Medical Center*, 162 Ill. 2d 205, 210 (1994). Whether this court has jurisdiction is a question of law, which we review *de novo*. *People v. Vara*, 2018 IL 121823, ¶ 12.

¶ 11       Generally, this court has jurisdiction only to review final judgments, subject to certain exceptions specified in the supreme court rules. *Flores v. Dugan*, 91 Ill. 2d 108, 112 (1982); Ill. Const. 1970, art. VI, § 6. An order granting or denying a request to transfer venue is not a final order. *Cf. Big Sky Excavating, Inc. v. Illinois Bell Telephone Co.*, 217 Ill. 2d 221, 232-33 (2005) ("A final judgment is a determination by the court on the issues presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties in the lawsuit."). Thus, because the order from which Christina seeks relief is interlocutory, it is only viable if permitted by rule.

¶ 12       Christina asserts, without any analysis, this court has jurisdiction under Rule 306(a)(4). Rule 306(a)(4) states that a party may request leave to appeal

> "from an order of the circuit court granting or denying a motion for a transfer of venue based on the assertion that the defendant is not a resident of the county in which the action was commenced, and no other legitimate basis for venue in that county has been offered by the plaintiff." Ill. S. Ct. R. 306(a)(4) (eff. Oct. 1, 2020).

Under the rule, a party who wishes to appeal such an order must file in this court, within 30 days of the order, a petition for leave to appeal. Ill. S. Ct. R. 306(c)(1) (Oct. 1, 2020). The timing requirement of Rule 306(c)(1) is jurisdictional. *Kemner v. Monsanto Co.*, 112 Ill. 2d 223, 236 (1986).

¶ 13    For the sake of analysis, we will assume the circuit court's orders fall squarely within the type reviewable under Rule 306(a)(4). The court denied Christina's motion to transfer venue on November 27, 2023. Thus, under Rule 306(c)(1), her petition for leave to appeal was due no later than December 27, 2023. See Ill. S. Ct. R. 306(c)(1) (eff. Oct. 1, 2020).

¶ 14    Instead of filing a petition for leave to appeal within 30 days of the November 27, 2023, order, Christina filed a motion to reconsider. It is well settled that a motion to reconsider does not toll the time for filing a petition for leave to appeal under Rule 306(a)(4). *National Seal Co. v. Greenblatt*, 321 Ill. App. 3d 306, 308 (2001). This principle has been applied consistently to all appeals under Rule 306, except for those brought under paragraph (a)(5), which are subject to the timing provisions of paragraph (b) and not paragraph (c). See *CE Design, Ltd. v. Mortgage Exchange, Inc.*, 375 Ill. App. 3d 379, 383-84 (2007) (collecting cases).

¶ 15    Although filed within 30 days of the November 27, 2023, order, Christina's motion to reconsider did not toll the 30-day deadline for filing her petition for leave to appeal. Her petition for leave to appeal remained due on December 27, 2023. Because Christina did not file her petition until February 8, 2024, we lack jurisdiction and must dismiss her petition.

¶ 16    To be sure, courts have recognized an exception to this principle—that is, when a motion to reconsider is in substance a new original motion. For instance, in *Kemner*, the defendant filed three separate motions to dismiss on *forum non conveniens* grounds. The court denied the first motion, and the defendant unsuccessfully sought a writ of *mandamus* (since no mechanism for

4

reviewing such an order then existed). *Kemner*, 112 Ill. 2d at 229. The defendant then filed its second motion, which was denied on April 29, 1983, and both the appellate and supreme courts denied the defendant's petitions for leave to appeal. *Id.* at 230-31. The defendant later filed its third motion, entitled a "motion to reconsider." *Id.* at 231. In this motion, the defendant bolstered its contention that the chosen forum was inconvenient by alleging new facts that had come to light during discovery. *Id.* The court denied the motion, and the appellate court denied leave to appeal. *Id.*

¶ 17    The supreme court reversed. It held that it had jurisdiction, despite the 30-day time limit in Rule 306, because the defendant's third motion was, in substance, a new original motion. *Id.* at 239. The court reasoned that the third motion was not an attempt to extend the time to appeal because it alleged new information and cited new authorities that were not available at the time it filed its earlier motions. *Id.* In addition, the court explained, "The fact that a circuit court ruling was obtained and a timely appeal sought as to each motion leads us to conclude that each motion was in substance a new original motion seeking dismissal on the basis of *forum non conveniens*." *Id.*

¶ 18    Here, Christina's motion to reconsider cannot fairly be characterized as a new original motion to transfer venue. The motion did not introduce any new factual matters or cite a change in the law; rather, it merely argued the court erred in its previous application of the law. See *CE Design*, 375 Ill. App. 3d at 386. Thus, the motion was not a new and independent motion to transfer venue, and the 30-day period did not start anew upon the court's January 10, 2024, denial of the motion. *Id.*

¶ 19    In sum, Christina's motion to reconsider did not toll the time in which she was required to file her petition in this court. As a result, her petition for leave to appeal, filed 73 days after the

5

court's order denying her motion to transfer venue, was untimely. Thus, we lack jurisdiction and must dismiss respondent's petition.

¶ 20                                        III. CONCLUSION

¶ 21          For the reasons stated, we dismiss respondent's petition for leave to appeal.

¶ 22          Appeal dismissed.

*In re Marriage of Likar*, 2024 IL App (3d) 240103

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Will County, No. 16-D-1816; the Hon. David Garcia, Judge, presiding. |
| **Attorneys for Appellant:** | John D. Peacock, of Peacock Law Offices, P.C., of Morris, for appellant. |
| **Attorneys for Appellee:** | No brief filed for appellee. |