**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 230474-U

Order filed July 29, 2024

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| CRAIG BILLIE, DAWN BILLIE, SARA DELUCIO, JANET HOPMAN, ANDREW KITTL, SHARON KITTL, DONALD MLADIC, SUSAN MLADIC, GERARD SABO, and DONNA SABO, | ) ) ) ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiffs-Appellants, | ) ) | Appeal No. 3-23-0474 Circuit No. 22-ED-3 |
| v. | ) ) | |
| VILLAGE OF CHANNAHON, | ) ) | Honorable Roger D. Rickmon, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE DAVENPORT delivered the judgment of the court.
Justices Holdridge and Hettel concurred in the judgment.

**ORDER**

¶ 1     *Held*:  We dismiss the appeal because plaintiffs' notice of appeal was filed before the entry of a final order.

¶ 2     Plaintiffs—Craig Billie, Dawn Billie, Sara Delucio, Janet Hopman, Andrew Kittl, Sharon Kittl, Donald Mladic, Susan Mladic, Gerard Sabo, and Donna Sabo—appeal from the circuit court's oral ruling purportedly dismissing with prejudice their amended complaint against

defendant, the Village of Channahon (the Village). For the following reasons, we dismiss the appeal for lack of jurisdiction.

¶ 3                                          I. BACKGROUND

¶ 4        In June 2020, plaintiffs sued the Village and several of its former and then-current officers, trustees, and employees in federal court, after the basements of their homes suffered recurrent, temporary flooding over the course of several years. Their federal complaint included the state-law claims at issue in this appeal. In March 2022, the district court dismissed plaintiffs' federal-law claims and declined to exercise supplemental jurisdiction over their state-law claims. The dismissal was affirmed on appeal. *Billie v. Village of Channahon*, 2022 WL 846754 (N.D. Ill. 2022), *affirmed* 58 F. 4th 905 (7th Cir. 2023).

¶ 5        In August 2022, plaintiffs refiled their state-law claims in the Will County circuit court. Counts I and II were brought under the Illinois takings clause. Ill. Const. 1970, art. I, § 15. In count I, plaintiffs brought a claim for inverse condemnation. In count II, plaintiffs sought "just compensation for the consequential damage" caused by the flooding. In counts III and IV, plaintiffs asserted the recurrent flooding of their basements was a continuing nuisance and a continuing trespass, respectively, and sought injunctive relief and money damages.

¶ 6        The Village moved to dismiss under section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2022)). It asserted all counts of plaintiffs' complaint failed to state a cause of action. *Id.* § 2-615. Additionally, it contended, among other things, plaintiffs' complaint was barred by the 10-year statute of repose specified in section 13-214 of the Code (*id.* § 13-214). *Id.* § 2-619(a)(5). In response, plaintiffs sought leave, under Illinois Supreme Court Rule 191(b) (eff. Jan. 4, 2013), to take discovery. The court denied plaintiffs' request and ordered the parties to brief the motion to dismiss.

¶ 7　　　　　After a hearing, the court granted in part the Village's motion, dismissing with prejudice counts III and IV on the basis they failed to state a cause of action. The court did not dismiss counts I and II but directed plaintiffs to add an allegation, if appropriate, that the court (presumably) believed was necessary but missing. In ruling, the court stated it was "punting" on the Village's statute-of-repose argument.

¶ 8　　　　　Plaintiffs amended their complaint and repleaded counts III and IV to preserve their right to appeal the court's dismissal of those claims.

¶ 9　　　　　The Village again moved to dismiss. 735 ILCS 5/2-619.1 (West 2022). The Village renewed its arguments that all counts of the amended complaint failed to state a cause of action and were barred by the 10-year statute of repose.

¶ 10　　　　The court heard arguments on July 5, 2023. The court took the matter under advisement and continued the matter to August 9, 2023, for decision. At the August 9 hearing, the court said it was "going to do a written opinion on this" but did not yet have the opinion ready. Thus, the court continued the matter to August 24, 2023. The August 9 docket entry states, "Court to issue written opinion." On August 24, the court again continued the matter to September 8, 2023, for decision.

¶ 11　　　　On September 8, 2023, the parties appeared, and the court said the following:

　　　　　　"I'm waiting still for my opinion to come back to me. But I can tell you at this time the Motion to Dismiss *will be granted*.

　　　　　　I don't believe this is a taking. I don't believe there's—it was filed in a timely fashion. ***.

3

*But the order will become effective when I sign the written opinion*. You appealed it. We'll start the day I get that back and sign it."[1] (Emphases added.)

The court did not set any further hearings on the matter. The September 8 docket entry stated, "Plaintiffs present by Attorney ***. Defendant present by Attorney ***. Case comes on for status on ruling. Defendant's motion to dismiss is granted. *Order to come by Court*." (Emphasis added.) A separate entry that same day stated, "File is Closed/Dismissed." The court did not thereafter sign and enter a written opinion or order.

¶ 12        On October 4, 2023, plaintiffs filed their notice of appeal.

¶ 13                                        II. ANALYSIS

¶ 14        On appeal, plaintiffs contend the circuit court erred in dismissing their amended complaint. In addition, plaintiffs contend the court erred when it denied their request, under Rule 191(b), to take discovery. We turn first to our jurisdiction, which presents a question of law that we review *de novo*. *In re Marriage of Likar*, 2024 IL App (3d) 240103, ¶ 10.

¶ 15        Plaintiffs contend we have jurisdiction under Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) and Rule 303 (eff. July 1, 2017). They assert the September 8, 2023, docket entry, which stated "File is Closed/Dismissed," is "a case terminating final order." Thus, according to plaintiffs, because they filed their notice of appeal on October 4, 2023—that is, less than 30 days after the September 8 docket entry—we have jurisdiction to consider their appeal. See Ill. S. Ct. R. 303 (eff. July 1, 2017).

---

[1]The last two sentences of the above-quoted text appear to be a transcription error. At that time, no notice of appeal had been filed in the case, so it does not make sense for the court to have said, "You appealed it." Viewed in context, the court was likely telling plaintiffs that their time to appeal would run from the date the court signed and entered the written opinion.

¶ 16    For its part, the Village asserts "the record provides some question as to whether there is a final appealable decision in this case," because "[n]o order was entered that granted the dismissal on the motion to dismiss" despite the court's statement that it intended to sign and enter a written opinion. The Village, however, points to the September 8 docket entry, which stated in part, "Defendant's motion to dismiss is granted," and the subsequent docket entry, which stated "File is Closed/Dismissed." The Village notes that a "literal reading" of Illinois Supreme Court Rule 272 (eff. Jan. 1, 2018) "seems to make the docket entry a judgment because the judge did not require a 'submission' of a judgment from the parties." In any event, the Village states it has no objection to this court's jurisdiction.

¶ 17    This court has jurisdiction only to review final judgments, except as provided in the supreme court rules. *Likar*, 2024 IL App (3d) 240103, ¶ 11; see Ill. Const. 1970, art. VI, § 6; Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). "A final judgment is a determination by the court on the issues presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties in the lawsuit." *Big Sky Excavating, Inc. v. Illinois Bell Telephone Co.*, 217 Ill. 2d 221, 232-33 (2005). Whether an involuntary dismissal is a final appealable order depends on whether the dismissal was made with or without prejudice, that is, with or without leave to replead. See *Franks v. Tucker*, 132 Ill. App. 3d 455, 459 (1985). A dismissal with prejudice is final and appealable; a dismissal without prejudice is not. *Id.*

¶ 18    To perfect an appeal from a final judgment, a party must file a notice of appeal within 30 days of the judgment's entry. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). The timely filing of a notice of appeal is mandatory and jurisdictional. *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009). A premature notice of appeal is not timely and does

5

not vest this court with jurisdiction. *Marsh v. Evangelical Covenant Church of Hinsdale*, 138 Ill. 2d 458, 469 (1990).

¶ 19     Here, the circuit court held a hearing on the Village's motion to dismiss on July 5, 2023, took the matter under advisement, and set it for "status on ruling." At a subsequent hearing, the court stated its intent to enter a written opinion disposing of the motion and each time set the matter for status on ruling. On September 8, 2023, the court told the parties the Village's motion to dismiss "w[ould] be granted," briefly explained why the motion would be granted, again told the parties it intended to enter a written opinion, and stated its order would become effective when it signed the written opinion, at which point plaintiffs' time to appeal would begin to run.

¶ 20     Initially, it is not clear the court, in fact, announced a judgment at the September 8 hearing. "Before a pronouncement should be taken as the judgment, it must be clear that it was intended as such and not merely an announcement of the opinion of the court or an indication of what the judgment is going to be." (Internal quotation marks omitted.) *Rocha v. FedEx Corporation*, 2020 IL App (1st) 190041, ¶ 60. Here, the court stated the motion to dismiss "w[ould] be granted," not that the motion was granted. In other words, the court merely told the parties "what the judgment [was] going to be." *Id.* But even if we assume, for our analysis, the court in fact announced a judgment at the September 8 hearing, we would conclude the court had not yet entered a final judgment at the time plaintiffs' filed their notice of appeal.

¶ 21     Rule 272 reads in part as follows:

> "If at the time of announcing final judgment the judge requires the submission of a form of written judgment to be signed by the judge or if a circuit court rule requires the prevailing party to submit a draft order, the clerk shall make a notation to that effect and the judgment becomes final only when the signed judgment is filed. If no such signed

6

written judgment is to be filed, the judge or clerk shall forthwith make a notation of judgment and enter the judgment of record promptly, and the judgment is entered at the time it is entered of record." Ill. S. Ct. R. 272 (eff. Jan. 1, 2018).

The supreme court adopted Rule 272 "to eliminate confusion as to the finality of judgments [citation] and resolve questions of timeliness of appeals where there is an oral announcement of judgment from the bench." (Internal quotation marks omitted.) *Rocha*, 2020 IL App (1st) 190041, ¶ 57. Under the rule, an oral pronouncement of a judgment is not considered entered when rendered. *Id.* Rather, an oral judgment is considered entered when it is entered of record, that is, when it "is recorded in the law record book." (Internal quotation marks omitted.) *Id.*

¶ 22        *Stoermer v. Edgar*, 104 Ill. 2d 287 (1984), illustrates how Rule 272 is applied when a formal order is contemplated after an oral ruling. There, the plaintiff unsuccessfully applied to the secretary of state for the full restoration of his driving privileges. *Id.* at 289. The plaintiff then sought review of that decision in the circuit court. *Id.* On May 4, 1983, the judge orally announced his decision to reverse the secretary of state's decision and directed the plaintiff's attorney to prepare a written order. *Id.* The order entered after the hearing stated the secretary of state was ordered ' " 'to issue to the plaintiff full driving privileges upon meeting usual requirements \*\*\*. FORMAL ORDER TO FOLLOW.' " *Id.* at 289-90. On May 26, 1983, the secretary of state filed a notice of appeal. *Id.* at 290. The next day, on May 27, 1983, the court entered the "formal order" contemplated at the May 4 hearing. *Id.* The appellate court dismissed the appeal. *Id.* at 291. The supreme court affirmed the dismissal. It relied on Rule 272 and explained that, because the secretary of state filed its notice of appeal before the final, formal order was entered, the notice was premature and the appellate court lacked jurisdiction. *Id.* at 291-94.

¶ 23        In *Rocha*, the court encountered circumstances similar to those present here, and we find it instructive. There, the circuit court orally granted one of the defendant's motion for summary judgment on count II of the plaintiffs' fourth amended complaint and stated its intent to reduce its ruling and reasoning to writing. *Rocha*, 2020 IL App (1st) 190041, ¶¶ 40-41. The court, however, did not enter a written order, and the court's law record book did not contain any notation about a judgment being entered on that date. *Id.* ¶ 41. The remaining counts proceeded to a jury trial, and the court entered judgment on the jury's verdict in favor of the defendant. *Id.* ¶ 42. During postjudgment litigation, the parties disputed whether a final judgment had been entered, and if so, when. *Id.* ¶¶ 44-47. On December 5, 2018, the court ultimately entered a written order on its summary judgment ruling *nunc pro tunc* to August 9, 2018 (the date of the hearing on the summary judgment motion). *Id.* ¶¶ 48-49. On January 4, 2019, the plaintiffs filed their notice of appeal. *Id.* ¶ 50.

¶ 24        On appeal, the defendants in part asserted the appellate court lacked jurisdiction to consider the plaintiffs' appeal. *Id.* ¶ 54. After examining Rule 272, *Stoermer*, and other cases, the court wrote the following:

> "In this case, the circuit court explicitly made its intention known that it was going to 'reduce' the oral pronouncements 'to writing.' Just as in *Stoermer*, where the court contemplated a formal written order to follow the announcement of judgment, the announcement could not be attacked by motion or appealed from. [Citation]. And under Rule 272, because the court never entered an oral pronouncement of August 9, 2018, of record, the oral pronouncement granting summary judgment on count II did not constitute the judgment on that count. Rather, the entry of the formal written order on December 5,

8

2018, was when the judgment on count II was entered for purposes of appeal." *Rocha*, 2020 IL App (1st) 190041, ¶ 62.

¶ 25 In this case, after taking the motion to dismiss under advisement, the circuit court told the parties, on August 9, 2023, that it was going to issue a written opinion disposing of the motion. Ultimately, on September 8, 2023, the court announced what its ruling was going to be in open court, again indicated a written opinion was forthcoming, and stated the ruling would become effective upon it signing the written opinion. The September 8, 2023, docket entry noted that a written order was to be signed and entered by the court. Plaintiffs, however, filed their notice of appeal on October 4, 2023, *before* the court signed and entered the written opinion contemplated in its oral pronouncement. As such, plaintiffs' notice was premature, and this court lacks jurisdiction to consider the appeal. *Marsh*, 138 Ill. 2d at 469.

¶ 26 In reaching this conclusion, we acknowledge the September 8, 2023, docket entries contained statements that "Defendant's motion to dismiss [wa]s Granted" and the "File [wa]s Closed/Dismissed." To be sure, docket entries are a part of the common law record and we generally accept them as true and correct. *Quintas v. Asset Management Group, Inc.*, 395 Ill. App. 3d 324, 330 (2009). But when, as here, the common-law record conflicts with the report of proceedings, the report of proceedings controls. *People v. Stingley*, 277 Ill. App. 3d 239, 242 (1995). Viewing the record as a whole (see *id.*), the above-quoted docket entries clearly conflict with the report of proceedings. The report of proceedings shows the court unequivocally stated, on two occasions, that it intended to issue a written opinion disposing of the motion to dismiss. And after announcing its ruling, it unequivocally told the parties its ruling would become effective when it signed and entered the written opinion, at which time plaintiffs' time to appeal would begin

9

to run. Thus, the report of proceedings conclusively establishes the circuit court had not yet entered a final judgment at the time plaintiffs filed their notice of appeal.

¶ 27 Finally, we briefly address two other points. First, plaintiffs assert we also have jurisdiction under Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016). By its terms, Rule 304(a) applies only when an action involves multiple parties or multiple claims and the court enters final judgment "as to one or more but fewer than all of the parties or claims" and only then if the court makes "an express written finding that there is no just reason for delaying either enforcement or appeal or both." Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016). Here, the purported final order from which plaintiffs appealed did not leave any claims pending in the circuit court, and the court here did not make the finding required by the rule. Thus, we fail to see how we can exercise jurisdiction under Rule 304(a).

¶ 28 Second, we reject out of hand any suggestion that the Village's lack of an objection is sufficient to confer jurisdiction on this court. Our jurisdiction cannot be conferred by agreement, waiver, or estoppel. See *e.g.*, *Physicians Insurance Exchange v. Jennings*, 316 Ill. App. 3d 443, 453 (2000). Indeed, when we lack jurisdiction, we have no choice but to dismiss the appeal. *Likar*, 2024 IL App (3d) 240103, ¶ 10.

¶ 29 III. CONCLUSION

¶ 30 For the reasons stated, we dismiss the appeal.

¶ 31 Appeal dismissed.